COMMONWEALTH *vs.* INTOXICATING LIQUORS,
JEREMIAH LUCY, JR., claimant.

Essex.    November 5, 1889. — November 26, 1889.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Forfeiture of Intoxicating Liquors — Search-warrant — Description of Place —*
*Implements of Sale.*

A search-warrant on the Pub. Sts. c. 100, § 30, sufficiently describes the place to be searched as a " certain tenement situate on E. Street, and numbered 136 on said street."

At the trial of a complaint on the Pub. Sts. c. 100, § 30, for the forfeiture of liquors, the presiding judge refused to rule, as requested by the claimant, that the alleged keeper of the place where liquors were seized could not legally use or keep for use without a license certain pool tables also seized there, and which were found by the jury to be implements of sale used or kept and provided to be used in the illegal sale of intoxicating liquors. *Held,* that the claimant had no ground of exception.

COMPLAINT, on the Pub. Sts. c. 100, § 30, alleging that, on January 10, 1889, certain intoxicating liquors, " and divers implements of sale and furniture used and kept and provided to be used in the illegal keeping and sale of said liquors," were kept and deposited by Patrick Libbey, of the city of Lawrence, " in a certain tenement situate on Essex Street, and numbered 136 on said street, in Lawrence, in said county, and occupied by said Libbey as a place of common resort kept therein " for sale contrary to law. The warrant issued upon this complaint set forth that the liquors and the implements of sale and furniture were kept and deposited by Libbey " in a certain tenement, to wit, a certain dwelling-house, situate on Essex Street, and numbered 136 on said street, in Lawrence, in said county, and occupied by said Libbey as a place of common resort kept therein " for unlawful sale. Certain liquors and implements of sale and articles of furniture were seized on the warrant.

In the Superior Court, on appeal, Jeremiah Lucy, Jr., who appeared as claimant of the implements of sale and furniture, before the jury was impanelled moved to dismiss the complaint and quash the warrant " because the place to be searched was not described with legal accuracy." *Dunbar,* J., overruled the motion, and the claimant excepted.

At the trial, there was evidence tending to prove that Lucy owned the implements of sale and furniture found on the premises described, of which Libbey was in possession and occupation, and that among them were two pool tables, with cues and balls, which the claimant contended he had put there for storage; and there was no proof that any person was licensed to keep such tables for use for hire or purpose of gain, or that the tables had been actually used, beyond the fact that they were on the premises, and that the cues and balls were in the racks.

The judge declined to rule, as requested by the claimant, that " Libbey could not legally use or keep for use the pool tables seized, without a license from the mayor and aldermen of the city of Lawrence."

The jury returned a verdict that all the implements of sale and furniture were used as alleged; and the claimant alleged exceptions.

*J. P. Sweeney,* for the claimant.

*A. J. Waterman,* Attorney General, *& H. A. Wyman,* Second Assistant Attorney General, for the Commonwealth.

W. ALLEN, J.  Several exceptions taken by the defendant were waived at the argument; we have considered only the two that were not waived.

1. The place to be searched would be sufficiently described in the warrant by the words as stated in the body of the exceptions, " a certain tenement situate on Essex Street, and numbered 136 on said street, in Lawrence, in said county, and occupied by said Libbey as a place of common resort kept therein."  It is not necessary to refer to the copy of the warrant itself, sent up with the exceptions, in which the description is " a certain tenement, to wit, a certain dwelling-house, situate," etc.

2. The prayer for a ruling that Libbey, the alleged keeper of the place, could not legally use or keep for use the pool tables seized and found by the jury to be implements of sale used or kept and provided to be used in the illegal sale of intoxicating liquors, without a license, was properly refused. The fact that he could not lawfully keep them for gain had no tendency to show that he did not unlawfully keep them as implements of sale.                    *Exceptions overruled.*