## PETO v. STATE OF INDIANA.

[No. 24,068. Filed October 5, 1922. Rehearing denied April 6, 1923.]

1. CRIMINAL LAW.— *Appeal.— Motion to Quash Search Warrant.—Grounds.—Sufficiency of Showing.—Statements in Motion.*—Where the facts on which a motion to quash a search warrant are purported to be based are not shown by the record, except as they are stated in the motion itself, such statements are not sufficient to establish on appeal the existence of such facts. p. 105.

2. INTOXICATING LIQUORS.— *Intent to Sell.— Evidence.— Possession in Soft Drink Parlor.— Statutes.—* Under §8345 Burns 1914, Acts 1907 p. 27, §9, possession by defendant of intoxicating liquor in a soft-drink parlor operated by her was *prima facie* evidence of her intent to sell or otherwise unlawfully dispose of it. p. 105.

3. INTOXICATING LIQUORS.—*Unlawful Possession with Intent to Sell.—Identity of Defendant.—Evidence.—Sufficiency.*—In a prosecution for possession of intoxicating liquor with intent to sell, evidence *held* to prove sufficiently that defendant was the person found in the possession of the intoxicating liquor, though a witness for the state testifying as to the finding of such liquor called her "Julia," while she testified that her name was Elizabeth, as charged in the affidavit. p. 105.

4. CRIMINAL LAW.—*Appeal.—Weight of Evidence.*—The court on appeal will not reverse the judgment on the weight of conflicting evidence. p. 106.

From Lake Criminal Court; *Martin J. Smith,* Judge.

Prosecution by the State of Indiana against Elizabeth Peto. From a judgment of conviction, the defendant appeals. *Affirmed.*

*William A. Fuzy,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

EWBANK, J.—The transcript, as certified by the city judge, recites that on July 22, 1921, an affidavit was filed in the city court of East Chicago, which charged that on July 19, 1921, Elizabeth Peto unlawfully had in her possession certain intoxicating liquor, at Lake county, Indiana, with intent to sell, barter, exchange, give away and otherwise dispose of the same, in violation of law, and that the judge of that court thereupon issued a warrant for her arrest, whereupon she was arraigned and pleaded not guilty, but was tried and found guilty and appealed from the judgment of conviction to the circuit court. An affidavit charging "Julia" Peto with the same offense is copied into the transcript sent to this court, but it is not shown to have been filed, and is not mentioned or referred to in the transcript of proceedings in the city court, as certified to the circuit court. There is no bill of exceptions setting out the search warrant nor anything with reference to it. Neither does the record show that a search warrant was ever issued or served, or that appellant had been arrested prior to the filing of the affidavit on July 22, 1921, except by the recitals of certain motions made by appellant, which were overruled before the trial commenced. Nor was a search warrant otherwise referred to in the circuit court, except by the testimony of a witness on cross-examination, who answered certain questions about a paper said to be a search warrant

which was shown to him, but was not introduced in evidence.

Appellant was found guilty by the circuit court, and after the filing and overruling of her motion for a new trial, was sentenced to a term of imprisonment and the payment of a fine, from which judgment this appeal was taken. She has assigned as error: (1) the overruling of her motion, on special appearance, to set aside and quash "the search warrant issued under date of July 19, 1921," with the return of service thereof; and (2) the overruling of her motion for a new trial.

None of the facts on which her first motion purports to be based are shown by the record, except as they are stated in the motion, itself. It is not even 1. made to appear in any other manner that a search warrant ever issued, or was ever served. Mere statements in a motion, which the trial court overruled as copied into the transcript by the clerk, are not sufficient to establish, on appeal, that facts existed by reason of which the overruling of such motion was erroneous. *Jackson Civil Twp.* v. *Darrow* (1922), 192 Ind. 136, 134 N. E. 779, 782, and authorities there cited.

We must presume that the trial court ruled correctly, except so far as the contrary is affirmatively shown by duly authenticated statements in the record itself, and not merely by assertions made by a party in pleadings or motions filed by her. No error in overruling appellant's motion to set aside an alleged search warrant and the service thereof is shown by the record.

Appellant complains of the ruling on her motion for a new trial because of the alleged insufficiency of the evidence to sustain the finding of guilty. Appel- 2, 3. lant testified that her name was Elizabeth Peto. The witness for the state who said her name was "Julia" Peto testified that the appellant, then in court, was the person that he and certain other officers found

behind the bar of a "soft drink place," with a bottle of whisky and a whisky glass under her apron. Appellant testified that the liquor she had was whisky, that her husband worked for a chemical company, and that she ran the soft-drink place in his name. And other officers testified that on the occasion in question they found "Mrs. Peto" behind the bar in said soft-drink place with the intoxicating liquor and glass hidden under her apron, which were taken from her. Such possession of the whisky at that place was *prima facie* evidence of her intent to sell or otherwise unlawfully dispose of it. §8345 Burns 1914, Acts 1907 p. 27, §9. *Rose* v. *State* (1909), 171 Ind. 662, 666, 87 N. E. 103, 17 Ann. Cas. 228.

And such evidence sufficiently proved that appellant was the person found in possession of the whisky under those circumstances, and that she bore the name by which she was described in the affidavit on which she was tried.

Appellant denied all unlawful intent, and gave an explanation of her possession of the liquor and glass not inconsistent with her innocence. But it would appear that the trial judge did not give credit to her testimony, and we cannot reverse the judgment on the weight of conflicting evidence.

The other alleged reasons for a new trial, stated in appellant's motion, have been waived by the failure of counsel to support them by the citation of authorities or argument.

The judgment is affirmed.