DONNELLY *v.* STATE OF INDIANA.

[No. 24,408. Filed June 25, 1924. Rehearing denied November 20, 1924.]

1. SEARCHES AND SEIZURES.—*Premises Covered by the Warrant.—Officer Has no Discretion.*—An officer is authorized to search only the premises described in the warrant issued to him and has no discretion to extend his search. p. 414.

2. SEARCHES AND SEIZURES.—*Premises Covered by Warrant.*—Where it appears that defendant operated a soft drink parlor at 116 E. Ohio St. and had access to the basement thereunder; that the basement under 114 E. Ohio St. was connected with the former by a door but that the door therefrom to the first floor was fastened by wire on the basement side; that defendant was found in the basement under 114 and had keys to fit the door, *held,* that the evidence shows defendant to have been in the exclusive possession of the entire premises, and a search warrant describing only 116 E. Ohio St. was sufficient. p. 415.

From Marion Criminal Court (53,683); *James A. Collins,* Judge.

Patrick Leroy Donnelly was convicted of a violation of the prohibition law, and he appeals. *Affirmed.*

*Floyd J. Mattice,* for appellant.

*U. S. Lesh,* Attorney-General, and *Fred I. King,* for the State.

MYERS, C. J.—Appellant, upon an indictment in two counts, was tried and convicted in the criminal court

of Marion county of keeping intoxicating liquors with intent to sell the same and for unlawfully maintaining a room, house or building where intoxicating liquors were manufactured, sold, given away, and where persons were permitted to resort for the purpose of drinking intoxicating liquor as a beverage. §1, Acts 1921 p. 736, and §20, Acts 1917 p. 15, §§8356d, 8356t Burns' Supp. 1921. He was fined $100 and sentenced to imprisonment in the county jail for thirty days.

The overruling of appellant's motion to suppress certain evidence proposed to be introduced against him by the State and obtained by virtue of a search warrant, and the overruling of his motion for a new trial are the errors assigned.

Briefly stated, it appears from the evidence that appellant, on August 30, 1922, was engaged in operating a soft drink parlor at No. 116 East Ohio street, Indianapolis, Indiana. On that day at twelve o'clock noon, one Dixon H. Bynum, Assistant District Attorney, and a witness for the State at the trial of appellant, was in appellant's place of business. His purpose there is undisclosed. He described the room and fixtures therein and stated that when he entered the room appellant was seated in a chair upon a platform in the front window, the lower portion of which was closely screened; that when thus seated his eyes would be slightly above the screen and from which point he could see the side walk and easily observe people coming in and going out of his place of business; that shortly after witness entered the room appellant left his seat and went into the basement and returned with a small sack in his hand. About that time a man came into the place and, without a word or signal, took the sack which was about six inches high and two inches in diameter, closed at the top, and after making some observations of the room he left. At about 2:30 o'clock that afternoon a

Federal Prohibition Agent filed with the judge of the city court of Indianapolis an affidavit to the effect that appellant and another, whose name was unknown to the affiant, were keeping intoxicating liquor to be sold in violation of the laws of the State, and were in possession of stills, implements and property kept for the purpose of manufacturing intoxicating liquors intended for use in violation of the laws of Indiana, at No. 116 East Ohio street in the city of Indianapolis. Thereupon, the city judge issued and delivered to the officer a search warrant authorizing a search of the premises at No. 116 East Ohio street. The officer who made the affidavit testified that he made it upon information received from bell boys at the hotel, "and we had telephone numbers and a couple of men had seen bottles and sacks," but that he had not seen anything himself. These statements pertaining to the officer's information might be commended for the vagueness of the knowledge they furnish. However, when the evidence of the Assistant District Attorney is considered in connection with the proximity in time of the filing of the affidavit, the inference might reasonably follow that the observations of the attorney were communicated to the officer making the affidavit, and therefore the latter had probable grounds for his activity.

Pursuant to the warrant, the street floor room and basement at No. 116 East Ohio street were searched but no intoxicating liquors, stills, devices or property for the manufacture of intoxicating liquor were there found. However, they did find a carton of paper sacks. The evidence shows that No. 114 East Ohio street adjoins No. 116 on the west; that there is a hallway between them; that there is a basement under the entire premises; that there is a stairway leading from the room occupied by appellant into the basement immediately below, and one door out of this basement to

the basement under the hallway, and another door from the hallway basement to the basement under room No. 114. The only other entrance to the basement under No. 114 was by a stairway leading from the hall above to the basement thereunder, but the door to this stairway was locked and by wire fastened from the basement side. The officers in making the search forced open the door in the west wall of No. 116 and entered the hallway basement where they found appellant and a five-gallon jug partly filled with white mule whisky. They then broke open the door in the east wall of No. 114 and entered an eight by ten frame room where they found twenty one-half pints of white mule whisky, twelve pints of red whisky, various containers, funnels, etc. Appellant denied having any connection with the frame room or its contents, and also denied having keys to the locks on either door, but there was testimony to the effect that keys were found in appellant's possession which would unlock the doors.

Over the objection of appellant the trial court permitted witnesses to state what they saw and found in the hallway basement and in the frame room, and refused to sustain appellant's motion to strike out the testimony of witnesses on that subject. These questions were properly saved and were made causes for a new trial. Hence, the assignment of error on the action of the court in overruling the motion for a new trial calls in review all of the questions here sought to be presented.

It may be conceded that the officer, under the warrant issued to him, was authorized to search the premises only described therein. He had no discretion respecting the premises to be searched or the property to be taken. *Rose* v. *State* (1909), 171 Ind. 662, 668, 17 Ann. Cas. 228.

Moreover, if he exceeded his authority, then to that

extent his acts were without warrant of law, and any information thus obtained would not be admis-

2. sible against the defendant. But in our judgment the evidence conclusively shows that appellant was in the exclusive possession of the entire premises searched and that the same was so connected as to be a part of the premises in use by him, reachable only by means of the entrance to No. 116 East Ohio street. Under this state of the evidence we hold that the entire premises searched was sufficiently described in the search warrant, and that the questioned evidence was properly admitted.

Finally, it is contended that the finding of the court was not supported by sufficient evidence. There is no merit in this contention.

Judgment affirmed.