DARBYSHIRE *v.* STATE OF INDIANA.

[No. 24,633.   Filed October 27, 1925.]

1. CONSTITUTIONAL LAW.—*Legislature cannot declare certain facts conclusive proof of guilt or make an act prima facie evidence of crime regardless of its relevancy to a criminal act.*—The Legislature has no power to declare certain facts conclusive proof of guilt, or to make an act *prima facie* evidence of crime regardless of its relevancy to a criminal act, but may make certain acts or facts *prima facie* evidence of other facts necessary to be established in a legal proceeding.   p. 611.

2. INTOXICATING LIQUORS.—*Prima facie rule when liquid poured out during search not applicable when liquid saved and introduced in evidence.*—The rule stated in §29 of the Prohibition Law of 1917 (Acts 1917 p. 15, §8356c1 Burns' Supp. 1921) that "if fluid be poured out or otherwise destroyed by the tenant or other person when the premises are being searched, said fluid shall be held to be *prima facie* intoxicating liquor and intended for unlawful sale" was not applicable when the liquid itself was brought into court and admitted in evidence.   p. 611.

3. INTOXICATING LIQUORS.—*Possession of intoxicating liquor with intent to sell it did not constitute a public offense under Acts 1923 p. 70.*—After the amendment in 1923 of §4 of the Prohibition Law of 1917 (Acts 1923 p. 70), possession of intoxicating liquor with intent to sell the same was not a public

offense, and mere possession was not an offense before or after the amendment. p. 611.

4. INTOXICATING LIQUORS.—*Evidence held insufficient to sustain conviction for maintaining, liquor nuisance.*—Evidence that officers searching defendant's residence found him pouring some fluid out of a bottle and, taking charge of it, found that it contained a small amount of whisky, which was saved and introduced in evidence at the trial; that in another room, they found a quart bottle that had a small amount of whisky in it; that they found three empty pint bottles and a small glass on a wash-stand, *held* insufficient to sustain conviction for maintaining a liquor nuisance (*Peto* v. *State*, 193 Ind. 103, distinguished). p. 613.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Charles Darbyshire was convicted of selling intoxicating liquor and of maintaining and assisting in maintaining a liquor nuisance, and he appeals. *Reversed.*

*Walterhouse & Miller,* for appellant.

*Arthur L. Gilliom,* Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

MYERS, J.—Appellant was found guilty as charged in two counts of an affidavit of unlawfully selling intoxicating liquor, in violation of §1, Acts 1923 p. 70, and of unlawfully maintaining and assisting in maintaining a common nuisance. Acts 1917 p. 15, §20.

Appellant's motion to quash each count of the affidavit separately and severally for want of facts to state a public offense, and for failure to state an offense with sufficient certainty, and his motion for a new trial and motion in arrest of judgment were each in the order here noted overruled. Judgment on the verdict. The errors assigned call in question each of the foregoing rulings.

No good purpose will be subserved by taking the time and space necessary to pass upon the questions pre-

sented by the motion to quash and in arrest, as the motion for a new trial should have been sustained for want of evidence.

At the close of the evidence, the first three counts of the affidavit were withdrawn, and, for aught appearing, appellant was convicted of the offense charged in each of the other two. In applying the evidence brought to our attention by the record, it will be observed that count 4 charged that appellant "did then and there (County of Delaware, State of Indiana) unlawfully sell, barter   *   *   *   and dispose of intoxicating liquors to divers persons to affiant unknown"; and count 5: (1) That he "unlawfully maintained and assisted in maintaining a common nuisance, to wit:—a room, house, building and place where intoxicating liquors were then and there manufactured, sold,   *   *   *   in violation of the laws of this State"; (2) "and where persons were then and there permitted to resort for the purpose of drinking said intoxicating liquors as a beverage"; and (3) "unlawfully keep intoxicating liquors in, and use the same in maintaining said place."

The testimony of four policemen was all the evidence given at the trial, from which it appears that on December 1, 1923, those officers, armed with a search warrant, proceeded to the home of appellant in the nighttime, and on knocking at the front and side doors, and failing to receive an immediate response and general welcome, thereupon "kicked the door in," and found appellant clothed in a union suit and engaged in pouring some white-mule whisky out of a bottle into a basket of kindling wood. They read the search warrant to him, took charge of the bottle containing a "small" amount of liquor, and then placed him under arrest. Appellant was in the house alone. The search resulted in finding a "quart bottle in another room that had a small amount of white whisky in it. We found

three empty pint bottles and a small glass on a little washstand." One witness, apparently aggressively hostile to appellant, on being asked how long he had known the defendant and what was his business during that time, answered: "Five or six years. None that I know of only liquor traffic."

The foregoing narration covers every item of evidence relied on by the state. It may be said that when the officers went to the home of appellant, he had possibly, all told, a quart of intoxicating liquor.

Counsel for appellee insist that "from these facts the jury was warranted in drawing the inference of guilt, viz.: that appellant unlawfully maintained a common nuisance." In our opinion, counsel are mistaken. From their briefs we are impressed with the thought that the basis for their insistence lies in the construction they place on §29, Acts 1917 p. 15, §8356c1 Burns' Supp. 1921, which provides that: "If fluid be poured out or otherwise destroyed by the tenant or other persons when the premises are being searched, said fluid shall be held to be *prima facie* intoxicating liquor and intended for unlawful sale." It will be noticed that this statute applies to the fluid when the act of pouring occurs during the search by declaring such fluid "prima facie intoxicating liquor and intended for unlawful sale." It was designed to provide against the defeat of a search warrant by declaring a certain act under certain circumstances *prima facie* evidence of other facts necessary to be established in actions for liquor violations. Or, in short, it prescribes a method of proof of facts when the evidence in support thereof is destroyed by the act of "the tenant or other persons." Expressions may be found in the books which, at a glance, seem to indicate a recognition of power in the legislature to declare certain facts conclusive proof of guilt, or to make an act *prima facie* evidence of crime

regardless of its relevancy to a criminal act, but it has no such power. *State* v. *Beach* (1897), 147 Ind. 74, 46 N. E. 145, 36 L. R. A. 179. It may, however, "make certain acts or facts *prima facie* evidence of other facts necessary to be established in a legal proceeding." (*Rose* v. *State* [1909], 171 Ind. 662, 666, 87 N. E. 103, 105, 17 Ann. Cas. 228), but in this case, it affirmatively appears that the object of the search warrant was not defeated by pouring out or destroying a part of the contents of the bottle. The article itself—intoxicating liquor—sought by the search warrant, was the best evidence of its character and kind. It was brought into court, its admissibility shown, and admitted in evidence. It spoke for itself. Consequently, the announced reason for the *prima facie* rule was not present and its absence rendered ineffective the statutory presumption that the "fluid" was intoxicating liquor. Nor was the phrase "intended for unlawful sale" influential in this case, for the obvious reason, and there may be others, that appellant was not charged with keeping a place where such liquor was sold in violation of law. Moreover, we might suggest as a query that §4 of the Act of 1917, *supra*, contained the provision making it unlawful "to keep any intoxicating liquor with intent to sell, barter, exchange, give away, furnish, or otherwise dispose of the same except as in this act provided." Section 29, *supra*, was a part of that act and has never been amended or changed. Hence, it might be persuasively said that the purpose of the phrase "intended for unlawful sale" was in keeping with, and to aid in the enforcement of, the provision against keeping with intent to sell. However, at present, we are only concerned in giving the phrase the standing to which it is entitled, measured by the evidence and the acts alleged to be unlawful. Furthermore, such consideration must be had with the knowledge that the 1923 act, *supra*,

failed to make the mere possession of intoxicating liquor, or possession thereof with intent to sell, a public offense. *Smith* v. *State* (1924), 194 Ind. 686, 144 N. E. 471; *Thompson* v. *State* (1925), *ante* 229, 147 N. E. 778; *Manley* v. *State* (1925), *ante* 529, 149 N. E. 51.

Appellee cites *Peto* v. *State* (1922), 193 Ind. 103, 136 N. E. 556, in support of her contention that the evidence justified appellant's conviction for maintaining a common nuisance. The affidavit in the Peto case charged possession of intoxicating liquor with intent to sell, which was then a public offense. In that case, this court held that possession of whisky under the circumstances there shown was *prima facie* evidence of an intent to sell, but the charge and the evidence in that case clearly differentiate it from the case at bar.

Having determined that the *prima facie* declaration in §29, *supra,* under all the circumstances here shown, has no probative force, and failing to find any other evidence from which the jury might reasonably infer that appellant, at the only place fixed by the evidence—his home or residence—sold, manufactured, bartered or gave away any intoxicating liquor, or that persons were there permitted to resort for the purpose of drinking intoxicating liquor as a beverage, or that he there kept it to be used in maintaining the place, we must conclude that the conviction was without evidence to support it.

Judgment reversed, with instruction to sustain appellant's motion for a new trial.

Ewbank, J., concurs in conclusion.