AT INDIANAPOLIS, MAY AND NOVEMBER TERMS, 1926, IN
THE ONE HUNDRED ELEVENTH YEAR OF THE STATE.

---

### HESS v. STATE OF INDIANA.

[No. 24,572.   Filed June 1, 1926.]

1. CRIMINAL LAW.—*Credibility of testimony of officer making.
   search question for trial court.*—Although testimony of officer
   who searched defendant's premises showed reprehensible con-
   duct, whether his testimony as to what he found during the
   search was worthy of belief was a question for the trial court
   and not for the Supreme Court.   p. 4.
2. SEARCHES AND SEIZURES.—*A single warrant will not author-
   ize search of two distinct premises.*—Certainty of the place to
   be searched in the affidavit for a search warrant and in the
   warrant itself is a constitutional mandate (Art. 1, §11, §63
   Burns 1926), and a single warrant will not authorize a search
   of distinct premises, each occupied by a different person.
   p. 5.
3. SEARCHES AND SEIZURES.—*Search warrant describing prem-
   ises to be searched was not invalid merely because it desig-
   nated two street numbers.*—A search warrant directing the
   officers serving it to search the premises of Frank and Clara
   Hess "at 214 and 214½ Wabash avenue" was not invalid
   merely because it included two numbers, where the ground
   floor of the building occupied by them was designated as "No.
   214" and the first and second stories were occupied by them
   and were connected by an inside stairway.   p. 5.
4. SEARCHES AND SEIZURES.—*Sufficient description of place to be
   searched.*—A description of the premises to be searched which
   points out or identifies such place with such reasonable cer-
   tainty as will obviate any mistake in locating it is all the Con-
   stitution or statute requires.   p. 5.

5. SEARCHES AND SEIZURES.—*Affidavit` for search warrant held sufficient.*—An affidavit for a search warrant charging that intoxicating liquor was being kept on certain described premises for unlawful sale so as to constitute a liquor nuisance was sufficient in May, 1923, to authorize the issuance of a search warrant. p. 6.

6. INTOXICATING LIQUORS.—*Liquor found on defendant's premises held admissible on a charge of maintaining, liquor nuisance.*—In a prosecution for maintaining a liquor nuisance as defined in §20 of the Prohibition Law of 1917 (§8356t Burns' Supp. 1921), intoxicating liquor found in a stove pipe under the back porch of defendant, and within the description in a search warrant of the place to be searched, was admissible as a circumstance to be considered with direct testimony that defendant kept liquor in the kitchen of his restaurant which was there sold to his customers. p. 7.

7. INTOXICATING LIQUORS.—*Motion to strike out evidence as to finding, of intoxicating, liquor on defendant's premises properly overruled.*—A motion to strike out all evidence as to the finding of intoxicating liquor in a stovepipe under the back porch of premises occupied by the defendant, on the ground that there was no evidence that it belonged to him or that he knew of its presence, was properly overruled, as the objection challenged the weight of the evidence and not its admissibility. p. 7.

8. INTOXICATING LIQUORS.—*Evidence held sufficient to sustain conviction for maintaining, liquor nuisance.*—Evidence that white mule whisky was kept in room occupied by the defendant at his restaurant, that he sold it or permitted it to be sold and drunk as a beverage by his customers, *held* sufficient to sustain a conviction for maintaining a liquor nuisance as defined by §20 of the Prohibition Law of 1917 (Acts 1917 p. 15, §8356t Burns' Supp. 1921). p. 8.

From Vigo Circuit Court; *John P. Jeffries,* Judge.

Frank Hess was convicted of maintaining a liquor nuisance, and he appeals. *Affirmed.*

*Josiah T. Walker,* for appellant.

*U. S. Lesh,* Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

MYERS, C. J.—Appellant was convicted in the Vigo Circuit Court of maintaining a nuisance, as defined by

§20, Acts 1917 p. 15. In this court, he assigns as error the overruling of his motion for a new trial, and, for causes therein, he asserts that the court erred in overruling his motion to suppress evidence; in admitting the alleged evidence sought to be suppressed; insufficient evidence to support the finding of the court and that the finding of the court was contrary to law.

The affidavit charging the offense was filed in the Vigo Circuit Court June 27, 1923. It appears from the evidence that on May 14, 1923, appellant, with his family, resided in the second story of a building, the first story of which was numbered 214 Wabash avenue, Terre Haute, Indiana, and occupied by him as a restaurant and soft drink parlor. On the latter date, the judge of the city court of Terre Haute, pursuant to an affidavit that day filed in that court, issued to the superintendent of police or any peace officer a search warrant authorizing the search of the house, room and premises of Frank Hess and Clara Hess at 214 and 214½ Wabash avenue, Terre Haute, Indiana, for intoxicating liquor and gambling devices. The search warrant, as shown by the return of George Marshall, a police officer, was executed four days later by reading same to a named person in the Hess restaurant kitchen, "after Frank Hess had run upstairs  *  *  *; and found a pint bottle with a small amount of white mule whisky in it; took to the office; arrested Hess and took him into the office." Unquestionably, the bottle mentioned in the return was a milk bottle which contained a small quantity of liquor having the odor of white mule whisky.

The motion to suppress was directed to the milk bottle, its contents, and testimony concerning what the officers saw and discovered on May 18. It is shown by the motion to suppress and by the evidence, in addition to the above, that on the day of the search, Michael

Casey and Ray Hiatt, policemen, with officer Marshall who had the search warrant, between 7 and 9 o'clock in the evening, entered appellant's place of business. Marshall stopped in the restaurant kitchen and Casey and Hiatt continued on upstairs by way of a stairway leading from the kitchen. The door at the head of the stairway was closed. When Casey reached the head of the stairs, without any showing of any attempt to open the door in the usual and ordinary way, he kicked the door in, or rather kicked the panels out of the door. Appellant, who was then upstairs in his residence, protested against the action of the officer and demanded of Casey to know whether he had a search warrant. There is evidence to the effect that Casey responded by knocking appellant down, breaking his arm, without any apparent reason for such treatment. Officer Casey testified that appellant said: "Hell, Casey, you broke my arm. I said I don't give a damn if I broke your neck. After this when a man tells you to stop, stop. Don't be running. I didn't find any intoxicating liquor at that time." There is also evidence that, when these officers entered appellant's place of business, he was near the soft drink counter, but left and went upstairs to his residence, followed by the two officers.

The testimony of officer Casey is here especially mentioned for the reason that it indicates, as appellant claims, his general violent disposition. Appel-

1. lant seems to be of the opinion that the testimony of Casey should have but little influence even on appeal. We agree with him that this witness' own story, when considered with the other facts in the case, might convict him of reprehensible conduct, or at least, it certainly called for some action or investigation by the prosecuting attorney, or instructions from the court to the grand jury, but that matter, like the weight to be given his testimony, must be left to the trial court.

The objection urged in the motion to suppress, and to the testimony at the trial pertaining to the May 18 search, was that the description of the place to be searched—214 and 214½ Wabash avenue—in the affidavit and search warrant was ambiguous, uncertain and insufficient to authorize the officer to enter appellant's dwelling house and by force wrongfully compel him to furnish evidence against himself, in violation of Art. 1, §11 of our Bill of Rights. It is true, certainty of the place to be searched is a constitutional mandate, and, we may add, that a single search warrant will not authorize a search of distinct premises each occupied by a different person. *State* v. *Duane* (1905), 100 Me. 447, 62 Atl. 80. Here, the insistence of ambiguity and uncertainty arises from the statement designating the place by two street numbers. In 19 Ency. Pl. & Pr. p. 331, it is said: "If a building is known by two numbers, and is as well known by the one as the other, it may be described by either." The sole purpose of describing the place to be searched is to certainly and definitely point out the same to the officer who is to execute the warrant. In the instant case, the affidavit and search warrant directed the officers to a certain building, at least the ground floor of which was designated by No. 214 on a certain street in a certain city of this state, and authorized them to search only "the house, room and premises of Frank Hess and Clara Hess." That part of the description last quoted should be construed as meaning the house, etc., occupied by Frank Hess and Clara Hess. *Wright* v. *Dressel* (1885), 140 Mass. 147, 3 N. E. 6. The fact that the affidavit and the instrument to be executed also designated the place as No. 214½, a number of which there seems to be no proof, cannot affect the validity of the affidavit or of the warrant, when it is shown that both the first and second story of the premises

searched, and designated by street No. 214, were connected by a stairway and occupied by Frank Hess and his wife Clara Hess. *Steele* v. *United States* (1925), 267 U. S. 498, 45 Sup. Ct. 414, 69 L. Ed. 757; *Commonwealth* v. *Intoxicating Liquors* (1889), 150 Mass. 164, 22 N. E. 628; *Donnelly* v. *State* (1924), 195 Ind. 411, 144 N. E. 472. As said in *State* v. *Moore* (1904), 125 Iowa 749, 101 N. W. 732: "A description which points out or identifies the place to be searched with such reasonable certainty as will obviate any mistake in locating it is all the Constitution or statute requires."

Appellant also insists that it was error to admit the evidence obtained by virtue of the alleged search and seizure, in that the affidavit and search warrant 5. were illegal, for the reason that it was not then unlawful to keep or possess intoxicating liquor for the purpose of sale, and hence the affidavit failed to state a public offense. True, at that time, the mere possession of intoxicating liquor, or possession thereof with intent to sell, was not a public offense. *Darbyshire* v. *State* (1925), 196 Ind. 608, 149 N. E. 166; *Smith* v. *State* (1924), 194 Ind. 686, 144 N. E. 471. However, it was unlawful to manufacture, transport, sell, barter, exchange, give away, furnish or otherwise dispose of such liquor. Acts 1923 p. 70, §1. Keeping or maintaining a place for the doing of any of those unlawful acts is by statute declared a nuisance. §20, *supra;* *Manley* v. *State* (1925), 196 Ind. 529, 149 N. E. 51.

The affidavit upon which the search warrant was issued, in substance, stated that Frank Hess "is in possession of intoxicating liquors and gambling devices which are now kept for the purpose of unlawfully selling, bartering and giving the same away, in violation of the law of the State of Indiana," and describing the house by street number where the same is kept. The

language of this affidavit, fairly interpreted, stated facts sufficient to warrant the magistrate in issuing a search warrant on the theory that appellant was engaged in maintaining a place where certain intoxicating liquor was being unlawfully sold, bartered and given away, which, as we have seen, are prohibited acts, and hence it was not reversible error to admit the questioned evidence over the objections made thereto.

The affidavit upon which appellant was tried charged, among other facts, that appellant did then and there unlawfully keep and maintain a room, house, 6. building, structure and place where intoxicating liquors were then and there kept for sale, and where persons were then and there permitted to resort for the purpose of drinking intoxicating liquors as a beverage in violation of law. Our attention is called to evidence from which it may be inferred that appellant's place of business was searched on June 26 and two quart bottles of white mule whisky were found in a stove pipe under the back porch of his restaurant and soft drink place, just outside of the back door; that, when the officers entered the place, they observed several people there and one Robert Butler in charge, to whom they read the search warrant. Moreover, a dishwasher in appellant's employ testified that white mule whisky was kept in a soda bottle in the kitchen of appellant's restaurant and that customers would go there and get it and then pay Hess or Butler twenty-five or thirty-five cents a drink. He never saw Hess serve any of the whisky but had seen Butler do so.

Appellant's motion to strike from the record all evidence pertaining to the liquor found in the stove pipe, for the reason that there was no evidence showing that this liquor belonged to appellant or that 7. he had any knowledge of its being there, was overruled, and this ruling is one of the causes assigned

for a new trial. The liquor found in the stove pipe as a result of the search and, for aught appearing, on premises of which appellant was in possession and within the description of the place to be searched, would be sufficient to justify the court in admitting the questioned circumstances in evidence. The fact of the search and the finding of the liquor were circumstances proper to be considered in connection with the evidence of liquor being kept in the kitchen and there permitted to be drunk by persons who paid for the same. It seems to us the question thus presented challenges the weight of the evidence rather than its admissibility. The overruling of the motion to strike out was not error.

Whether the evidence is sufficient to support the finding of the trial court, according to the insistence of appellant, depends upon whether or not the ruling of the trial court in admitting evidence is sustained. Aside from this, we still would have evidence showing that white mule whisky was kept or allowed to be kept in a room occupied by appellant at his place of business; that he sold it or permitted it to be sold and received the money therefor, and permitted it to be there drunk as a beverage by various persons who may be properly denominated his customers. Under this state of the record, we would not be authorized to say that the finding of the court was not sustained by the evidence or for that reason that it was contrary to law.

Judgment affirmed.