## HANGER *v.* STATE OF INDIANA.

[No. 24,549.    Filed March 9, 1928.]

1. INTOXICATING LIQUORS.—*Section of Prohibition Law relative to fluids poured out while premises were being searched held inapplicable to breaking of bottle after accused had been arrested.*—Section 29 of the Prohibition Act of 1917, (Acts 1917 p. 15, §8356cl Burns' Supp. 1921), providing that any fluid poured out while premises were being searched for intoxicating liquor should be *prima facie* intoxicating liquor, was not applicable to a case where an accused

broke a bottle in his pocket which was claimed to have contained "white mule" whisky, while he was being arrested by a town marshal.  p. 725.

2.  INTOXICATING LIQUOR.—*Possession of half-pint of whisky in a bottle in defendant's clothes not evidence of intent to sell same in 1923.*— Possession of one-half pint of whisky in a bottle in his clothing while walking along a highway in 1923 was not evidence of an intent to sell, barter, exchange, give away, or otherwise dispose of the same in violation of §1, Acts 1921 p. 736 (§8356d Burns' Supp. 1921), as the possession of that quantity of whisky was not then unlawful and did not constitute *prima facie* evidence that it was possessed with the intent to sell, etc., as provided in §35 of the Prohibition Law of 1917 (§8356i1 Burns' Supp. 1921).  p. 726.

3.  INTOXICATING LIQUORS.—*Evidence insufficient to show intent to sell, etc., intoxicating liquor.*—Evidence held insufficient to sustain verdict of guilty of charge of having possession of intoxicating liquor with intent to sell, barter, exchange, give away or unlawfully dispose of such liquor, in violation of §1 of Acts 1921 p. 736 (§8356d Burns' Supp. 1921).  p. 726.

From Crawford Circuit Court; *Thomas J. Wilson,* Judge.

Ben A. Hanger was convicted of having possession of intoxicating liquor with intent to sell, barter, exchange or give it away, and he appeals.  *Reversed.*

*Patrick & Ryan,* for appellant.

*U. S. Lesh,* Attorney-General and *Cronk & Wilde,* for the State.

WILLOUGHBY, C. J.—This prosecution is based upon §1, ch. 250 of the acts of 1921.  See Acts 1921 p. 736. The prosecution was commenced by affidavit in one count in which it is charged that "on or about the 17th day of January, 1923, in the county of Crawford, State of Indiana, Ben Hanger, late of said county and state, did then and there possess intoxicating liquor for the purpose of sale, barter, exchange, to give away, furnish and otherwise dispose of."

The appellant waived arraignment and entered a plea of not guilty and the case proceeded to trial before a

jury. The jury returned a verdict of guilty as follows: We, the jury, find the defendant guilty and assess his punishment at a fine of $200 and that he be imprisoned in the county jail for a period of 180 days.

After a motion for a new trial had been made and overruled, judgment was rendered on the verdict, and from such judgment this appeal is taken. The only error assigned is that the court erred in overruling appellant's motion for a new trial. The only specifications in that assignment of error are: (1) The verdict is not sustained by sufficient evidence; (2) the verdict is contrary to law.

The appellant alleges that the verdict is contrary to law because it is not sustained by sufficient evidence. At the time that it was charged that this offense was committed, the mere possession of intoxicating liquor was not an offense. *Crabbs* v. *State* (1923), 193 Ind. 248, 139 N. E. 180. So the offense charged in this affidavit is that the appellant did then and there possess intoxicating liquor for the purpose of sale, barter, exchange, to give away, furnish or otherwise dispose of it. The only evidence of the amount or quantity of the whisky possessed is the statment of the appellant himself. He says that, on the day of his arrest, he started out with a man to look at some walnut trees and before starting out put a bottle in his pocket which contained something near one-half pint of white corn whisky, which he had for his own use on account of sickness. He said that what was in the bottle was all the whisky he had. He said he bought it for sickness. The doctor told him to use it. That, when he had a cold, he would take a little when he would go out or take a little when he was out in the cold. There is no evidence to show that he had any other whisky, either on his place or about his person, except what he had in his pocket in a bottle. The officers said it was down deep in his pocket.

It appears that the town marshal of Marengo, on January 17, 1923, started out from Marengo with three deputies and a search warrant to search the premises, farm and buildings of Hanger's place.   That when they came within about one or two hundred yards from appellant's house, appellant was seen walking toward the town of Marengo and another man was with him.   The marshal stopped appellant on the public highway and told him he was under arrest.   That the marshal had no warrant for the arrest of appellant, but did have a search warrant to search his premises, farm, and buildings.   When the marshal told the appellant he was under arrest he, the marshal, had a pistol in his hand.   When appellant was told that he was under arrest, he did not submit to such arrest, but was overcome by the marshal and his deputies.   During the fight or scuffle that occurred, the appellant purposely broke a bottle in his pocket, which is claimed to have contained white mule whisky.   Hanger was handcuffed after he broke the bottle.   They then took the appellant to his place and searched around but didn't find anything.   There was some evidence to the effect that eighteen months prior to this, ten persons went to search Hanger's place and that they found some bottles and caps and some raisins and some rather large jugs down in the barn.   A witness testified that the jugs mentioned in such evidence were on his land.   He says he doesn't know who put the jugs on his land.   That he thinks that the appellant came back from Lawrence county about two years ago.   The marshal testified that two years ago next December, he saw Hanger and another fellow come up along the side of a car and he went up a little piece and he looked over just as he gave this fellow a bottle and the fellow gave him money and this fellow got a little full afterwards.   On cross examination, the marshal said he didn't know what was in the bottle that Hanger

gave to the other man in December, 1921. There is evidence to the effect that these officers saw a stove and still, between a quarter and a half mile of Hanger's house, south and east of Marengo, but the still and stove were not on Mr. Hanger's place.

In support of the contention that the evidence is sufficient to sustain the verdict, the state cites, *Hall* v. *State* (1923), 193 Ind. 355, 139 N. E. 588; *Chaney* v. *State* (1923), 193 Ind. 533, 141 N. E. 223; *Peto* v. *State* (1922), 193 Ind. 103, 136 N. E. 556; *Stankiewoecz* v. *State* (1924), 194 Ind. 246, 142 N. E. 615.

In *Hall* v. *State, supra,* a prosecution for keeping intoxicating liquor with intent to dispose of the same, evidence that disclosed in defendant's residence a large tank in the cellar, several barrels and five gallon jugs, the former with dregs of mash therein, a sack of corks, sacks of cracked corn and rye meal, several stoves and burners therefor, tools, soldering iron coils, charcoal and bottles of whisky, all carefully protected by padlocks, was held sufficient to sustain the charge.

In *Chaney* v. *State, supra,* in a prosecution for violation of the Prohibition Law, evidence that the accused purchased nine bottles of intoxicating liquors and, with the bottles in his possession, visited several acquaintances, and, when arrested several hours later, he had only seven bottles and two or three empty cartons in his possession, was held sufficient to sustain a conviction for keeping liquors with "intent to sell, . . . give away, furnish or otherwise dispose of it."

In *Peto* v. *State, supra,* evidence that the appellant was found behind the bar of a soft drink place with a bottle of whisky and a whisky glass under her apron was *prima facie* evidence of her intent to sell or otherwise unlawfully dispose of such whisky.

In *Stankiewoecz* v. *State, supra,* the court held that testimony of three witnesses that liquor was moonshine

whisky, that they smelled it and were familiar with the smell of moonshine whisky and that appellant's wife was behind the bar with a glass jar of the liquor, that she ran out with it, dropped it without breaking it, spilled part of it, and then tried to kick the jar, is sufficient to support an inference that the liquor was intoxicating without an analysis test or testing.

. The facts in these cases are so different from the facts in the case at bar that they furnish no precedent applicable.

The state contends that the fact that one attempts in the presence of the officers to destroy the contents of a bottle is *prima facie* evidence that the contents 1. are intoxicating and that it is possessed for an unlawful purpose, citing *People* v. *McCourtney* (1922), 220 Mich. 550. The Michigan case is based upon a statute, Public Acts of Michigan, 1919, Act. No. 53, §28, which is as follows:   "If fluids are poured out, secreted, or otherwise destroyed by the owner of the premises or occupant, or by any tenant, assistant or other person, when the premises are searched or to be searched, or by any person in whose custody such fluid may be, manifestly for the purpose of preventing their seizure by officers authorized to make such search and seizure, such fluid shall be held to be *prima facie* intoxicating liquor and unlawfully possessed."   As it shows upon its face, this statute was passed in aid of the execution of search warrants.   The purpose of it was the same as the purpose of ch. 4, §29 of Acts 1917 p. 29, and clearly applies to the conduct of a person or persons in possession of the premises which are being searched by authority of a search warrant, and cannot be construed to apply to the facts in the instant case.

Two essential facts alleged in the affidavit are that appellant had intoxicating liquor in his possession and

that he had it with the intent to sell, barter, exchange, give away, furnish or otherwise dispose of it unlawfully. The evidence is undisputed that he had about one-half pint of white corn whisky or some kind of whisky in his overcoat pocket when he was walking along the highway toward Marengo, when he was arrested. There was no evidence that he had any other whisky in his possession, either on his person or about his farm or anywhere else. The officers searched the premises and found no intoxicating liquor of any kind. In order to secure a conviction, it became necessary on the part of the state to prove the unlawful intent alleged in the affidavit. The quantity of liquor shown to have been in the possession of appellant at the time precludes the presumption that he had it with the intent to sell, barter, exchange, give away, furnish or otherwise dispose of the same. See Acts 1917, ch. 4, §35. We find nothing in the evidence which shows or tends to show any intent to unlawfully dispose of said liquor as alleged in the affidavit.

The verdict is not supported by sufficient evidence and is contrary to law. *Howard* v. *State* (1923), 193 Ind. 599, 141 N. E. 341; *Thompson* v. *State* (1925), 196 Ind. 229, 147 N. E. 778; *Marsh* v. *State* (1926), 197 Ind. 251, 150 N. E. 773; *Chappell* v. *State* (1926), 197 Ind. 272, 150 N. E. 769.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.