## SCANLON *v.* STATE OF INDIANA.

[No. 13,620.  Filed March 27, 1929.]

*John G. Yeagley,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Dale F. Stansbury,* for the State.

LOCKYEAR, J.—This was an action brought by the State of Indiana by affidavit consisting of three counts. The first count charged the unlawful possession of intoxicating liquors. The second count charged appellant with unlawfully maintaining and assisting in maintaining a common nuisance. The third count charged the unlawful sale of intoxicating liquor. The defendant entered a plea of not guilty to each charge, and the cause

was submitted to a jury for trial and there was a finding of guilty on the first and second counts of the affidavit.

We have examined the errors relied upon for reversal herein, and are of the opinion that the description contained in the affidavit for a search warrant and in the search warrant giving the location of the property is sufficient to comply with the rule as laid down in the case of *Hess* v. *State* (1926), 198 Ind. 1, 151 N. E. 405.

The only other error that needs to be considered is that the prosecuting attorney in argument to the jury used the following language: "The defendant has not taken the stand and we have no evidence from the defense."

The appellant moved the court to withdraw the submission from the jury, and to discharge the jury and grant a new trial for the reason that the above remarks seriously prejudiced the rights of the defendant. The court overruled the motion, to which ruling of the court the defendant at the time excepted.

Section 2267 Burns 1926 (Acts 1905 p. 584) provides:

"The following persons are competent witnesses. . . .

"Fourth—The defendant, to testify in his own behalf. But if the defendant does not testify, his failure to do so shall not be commented upon or referred to . . . or in any manner considered by the jury trying the same," etc.

In the case of *Blume* v. *State* (1900), 154 Ind. 343, 56 N. E. 771, the prosecuting attorney started to comment upon the fact that the defendant had not gone upon the stand to testify and the defendant's attorney promptly objected, which objection was sustained by the court, who thereupon instructed the jury at length as to the defendant's rights and admonished the jury not to consider the remarks made by the prosecuting attorney. The Supreme Court held that, in the absence of a motion by the defendant to set aside the submission and to discharge the jury, there was no available error, citing

*Coleman* v. *State* (1877), 111 Ind. 563, 13 N. E. 100; *Robb* v. *State* (1896), 144 Ind. 569, 43 N. E. 642.

In this case, the court made no effort to instruct the jury not to consider the matter, and the appellant did move the court to withdraw the submission of the case. We, therefore, hold that there was error which entitles the appellant to a new trial.

The other errors assigned are such as are not likely to occur in the retrial of this case and they need not be considered here.

Reversed, with instructions to grant appellant a new trial.