THOMPSON *v.* STATE OF INDIANA.

[No. 13,639.   Filed July 6, 1929.]

*William D. Hardy*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Lesh & Lowther*, for the State.

NEAL, J.—Appellant was convicted of maintaining a common nuisance under Acts 1925, ch. 48, §24, §2740 Burns 1926.   The only error assigned is the action of the trial court in overruling appellant's motion for a new trial.   In this appeal, we are called upon to determine

four questions: Is the verdict of the jury sustained by sufficient evidence? Is the verdict contrary to law? Did the court err in admitting in evidence, over the objection and exception of the appellant, the testimony of the officers as to what was seized and what was observed by them while making such search? Did the court commit error in admitting in evidence State's Exhibits Nos. 3, 4, 5, 6 and 8, because they were seized by the officers at the time of the search?

Appellant contends that the search warrant was issued upon an affidavit which did not contain a statement of facts showing probable cause, and the magistrate heard no evidence under oath or affirmation that would constitute probable cause. The affidavit for the search was, in part, as follows: "Comes now the undersigned affiant, who, upon his oath, says that intoxicating liquor is possessed in violation of law and people resort at the below-named place for the purpose of drinking intoxicating liquor as a beverage, that because of the above fact he has reasonable cause to believe and does believe that Guy Thompson has in his possession intoxicating liquor."

Evidence was introduced in support of the action of the justice of the peace in issuing the search warrant, which tended to prove the following facts: That Jessie Jones, a prohibition officer, was the only witness who appeared before the justice of the peace; that the said justice heard the testimony of the said Jones and of no other witness; that all the facts known by said Jones were either stated in the affidavit or told to the justice of the peace; that he had seen people going in and out of the place described in the search warrant; that he had personal knowledge of the place which was obtained by previous raids. We are of the opinion that, upon the positive facts stated in the affidavit for the search warrant and the evidence adduced before the

magistrate at the time of issuing the search warrant, error cannot be predicated upon the action of the justice of the peace in determining that probable cause had been established, which justified his action in issuing the search warrant in question. *Hess* v. *State* (1926), 198 Ind. 1, 151 N. E. 405; *Gwinn* v. *State* (1929), 201 Ind.——, 166 N. E. 769.

Appellant asserts that the search warrant was illegal because of the fact that the officers entered the appellant's home without demanding admission and before informing appellant's wife, who was present, that they were there to execute a search warrant, or reading said warrant. Upon this phase of the case, the evidence discloses that appellant's home was located on the second floor of a building known as 405½ South Second street; that there was a stairway leading from the street upstairs; that a request for admission was made before entering; that the officers passed through a hall that led back to the kitchen where appellant's wife was standing; that the officer recognized her; that the search warrant was read to the wife of appellant; that search was made after the reading of the search warrant. The evidence discloses a state of facts materially dissimilar to those set forth in the opinion of *Speybroeck* v. *State* (1927), 200 Ind. 69, 155 N. E. 817. Appellant's objection, in view of the above state of facts, cannot prevail. It necessarily follows, from what has been said, that the court did not err in admitting the testimony of the officers as to what was seized and observed at the time of the search.

It appears from the evidence that the police officers conducted an investigation as to what was going on at appellant's premises for several days before the night of September 16, 1926. On that night they saw six or seven strange persons, one or two at a time, approach a young fellow who was acting as watcher

or lookout near the doorway. He would go into the building with the visitors, stay a little while, and would come back, walk to the corner, look up and down the street, and then come back and sit down. After a crowd of fifteen people had gathered in appellant's premises for an hour or an hour and a half, five officers entered and made the search. The crowd in appellant's rooms were at tables drinking. Most of them were drinking beer, but, at one table, they were drinking whisky. Appellant's wife was serving the drinks, and, in the kitchen, the officers found ninety-nine quart bottles of beer, forty-one of which were iced, and also a quart bottle half full of whisky. The arrest occurred during the time of the races, and, when placed under arrest, appellant, in conversation with the officers as to why he would not "quit violating the law," said, "A man would be a fool if he wouldn't take a chance when the races were on."

It also appears that the place operated by appellant had the general reputation as a place where intoxicating liquors were possessed and sold in violation of the law, and where persons were permitted to resort for the purpose of drinking intoxicating liquor as a beverage.

We have no hesitancy in affirming the judgment. It appears that appellant has flagrantly violated the law; that for gain by the unlawful sale of intoxicating liquor, he determined to "take a chance." The chance in this instance has resolved itself into a conviction, with adequate punishment, after a fair trial.

Judgment affirmed.