WORSDORFER v. STATE OF INDIANA.

[No. 13,932.   Filed December 6, 1929.]

*William D. Hardy,* for appellant.

*James M. Ogden,* Attorney-General, and *V. Ed Funk,* Deputy Attorney-General, for the State.

REMY, C. J.—This is an appeal from a conviction in a prosecution by affidavit which charged appellant with the maintenance of a nuisance, under the Prohibition Act. Acts 1925 p. 144, §2740 Burns 1926.

Overruling motion for new trial is the only error assigned; and the only reasons for new trial properly presented are that the court erred in overruling appellant's motion to suppress certain evidence obtained by a search warrant, and that the finding of the court is not sustained by sufficient evidence.

Appellant advances two reasons why his motion to suppress should have been sustained, the first being that the search warrant was issued without probable cause. In the affidavit for search warrant, the affiant, a police officer, stated that from 12:30 to 2:30 o'clock on January 14, 1929, he and another

officer watched the premises of appellant; that, during the two hours, they saw many persons enter and come out of the house occupied by appellant; that when the persons went into the house they were sober, and, when they came out, many of them were under the influence of intoxicating liquor; that affiant had seen persons drinking intoxicating liquor on appellant's premises, and that the place occupied by appellant, which was described in the affidavit, was known as a place where intoxicating liquor was sold in violation of law, and where persons were permitted to congregate for the purpose of drinking intoxicating liquor. It also appears that, after the affidavit was filed, and before the search warrant was issued, the magistrate heard oral testimony, the substance of which was that, on at least four occasions, other than that mentioned in the affidavit, persons were seen to enter appellant's place sober and come out later in an intoxicated condition, and that from a point across the street witness had, through a window of appellant's place, observed men and women drinking. Clearly, the affidavit and evidence is sufficient to show reasonable and probable cause for issuance of the search warrant. See *Bobruk* v. *State* (1929), *ante* 97, 167 N. E. 548.

The second reason suggested by appellant as to why his motion to suppress should have been sustained is that the evidence was procured by officers who entered appellant's premises without first demanding admission, or informing appellant or anyone else that they were officers with a warrant for the search of the house. The contention is without merit. The evidence shows that the officers entered the open stairway leading from the street to the premises occupied by appellant upstairs; they ascended the stairway and, upon reaching the door of appellant's premises, one of the officers knocked on the door and asked for a drink of

whisky, and the door was voluntarily opened. The officers then entered, and the search warrant was immediately read. Under the circumstances, the officers did not enter the apartment as trespassers, but rather upon invitation. No search was made until after the warrant was read. See *Thompson* v. *State* (1929), 89 Ind. App. 541, 167 N. E. 347; *Jones* v. *State* (1929), 89 Ind. App. 564, 166 N. E. 158.

The officers made the search and found a stew pan partially filled with whisky, a bottle of wine, a large number of beer bottles, beer mugs, wine and whisky glasses. It also appears from the evidence that, while the officers were making the search, appellant went to the ice box in his apartment, took a pitcher and poured the contents thereof in the sink. The officers did not see the contents of the pitcher, but, upon examination of the pitcher after it had been emptied, they detected the odor of whisky therein. It further appears that appellant attempted to pour in the sink the contents of the stew pan, and would have done so had it not been for the interference of one of the officers. The same evidence which had been introduced at the hearing in the magistrate's court when the search warrant was issued was again introduced at the trial.

The evidence is sufficient.

Affirmed.