Filed April 3, 1890.

---

No. 15,466.

## KELLER *v.* THE STATE.

CRIMINAL LAW.— *Witness.*—*State can not be Compelled to Call.*—The State can not be compelled to call witnesses at the instance of the accused. If the accused desires the testimony of the witnesses not called he must call them.

From the Allen Circuit Court.

*W. P. Denny,* for appellant.

*L. T. Michener,* Attorney General, and *J. H. Gillett,* for the State.

ELLIOTT, J.—The evidence disclosed the fact that Josephine Freeman was a witness to important acts which preceded and were directly connected with the offence of assault and battery of which the appellant was convicted.    The appellant moved the court to compel the State to call and examine her as a witness, and showed that her presence as a witness could readily be secured.    The trial court denied the motion, and upon this ruling arises the only question which the record presents.

Under the rigorous and harsh rules of the old common law, there was reason for compelling the prosecution to call and examine as witnesses all persons who had knowledge of

material facts connected with the crime charged against an accused person. That law denied him counsel and sealed his lips as a witness. Our law not only allows him to employ counsel but employs counsel for him when he is too poor to employ counsel himself. Our law makes him a witness in his own behalf and affords him liberal facilities for obtaining witnesses. The reason which supported the common-law rule compelling the crown to call witnesses utterly fails under our system, and where the reason fails, so, also, does the rule. If the question were an open one we should decline to follow the ancient rule of the English courts, since the reason which was its life does not exist in our State.

The question is not an open one. Our Court has not only held that the prosecution is not bound to call witnesses at the instance of the accused, but it has gone further, for it has held that an accused can only cross-examine the witnesses of the State as to matters brought out on the examination in chief. If the accused desires to elicit new matter he must make the witness his own. In *Haymond* v. *Saucer*, 84 Ind. 3, it was said : " The failure to produce a witness, who might as well be called by one party as the other, is no reason for indulging a presumption against either party." A similar doctrine was asserted in *Coleman* v. *State*, 111 Ind. 563. But we need not invoke the aid of analogous cases, for we have a decision directly in point. We refer to the case of *Winsett* v. *State*, 57 Ind. 26, where it was said, in answer to the appellant's contention that it was the duty of the State's attorney to produce all the witnesses to the transaction, that, " We may remark, however, that the law of this State, in our opinion, imposes no such duty on the State's attorney." The decision of our Court is sustained by well-reasoned cases. *State* v. *Martin*, 2 Iredell, 101 (120) ; *State* v. *Smallwood*, 75 N. C. 104; *State* v. *Kilgore*, 70 Mo. 546 ; *State* v. *Eaton*, 75 Mo. 586.

It is proper to say that at common law all felonies were

Keller *v.* The State.

punishable capitally at the time the rule to which we have referred was adopted, and that the rule was held not to apply in prosecutions for misdemeanors. In the case of *United States* v. *Butler*, 1 Hughes, C. C. 457 (466), Chief Justice WAITE, who presided at the trial, said in answer to a request of the counsel of the defendants to compel the prosecutor to name the witnesses, that "there was no practice justifying such a demand." We think this is clearly correct under our laws in all cases.

We do not mean to intimate that it is the right or the duty of a prosecutor to conceal the names of witnesses from the accused, or in any way to hinder him in obtaining material and relevant testimony; on the contrary, we believe that it is the duty of the officer representing the State to refrain from doing any act that will deprive the accused of a fair trial. The State does not desire that any citizen shall be deprived of evidence tending to exhibit the truth, and its officers will be guilty of an unpardonable breach of duty if they corruptly conceal or suppress evidence of a material and relevant character. But it by no means follows from this that the prosecuting attorney must at the dictation of the accused call such witnesses as he names. If he desires the testimony of the witnesses he must call them; all he has a right to ask is that the prosecuting attorney shall refrain from doing anything that will tend to deprive him of testimony to which he is rightfully entitled.

Judgment affirmed.

Filed April 3, 1890.