## CAMERON *v.* THE STATE.

[No. 6,050.   Filed February 23, 1906.]

1. APPEAL AND ERROR.—*Bill of Exceptions.—Entry of Filing.*— Where a record entry, after mentioning a bill of exceptions, states: "Which bill of exceptions is now tendered to the court and by the court signed and filed with the clerk of this court, said bill of exceptions being in these words," the filing of the bill is sufficiently shown.   p. 382.

2. CRIMINAL LAW.—*Witnesses.—Rights of State.*—The State may subpœna witnesses and compel their attendance whether their names are indorsed on the back of the indictment or not.   p. 383.

3. SAME.—*Conviction.—Acquittal.—Costs.*—On acquittal of a defendant in a criminal case no costs are taxable, but on conviction, all proper costs are taxable against defendant unless the court or jury shall relieve him from such payment.   p. 383.

4. SAME.—*Conviction.—Costs.*—Defendant in a criminal case, on conviction, is not taxable with costs of State's witnesses not indorsed on the indictment, and who were not sworn, or who, if sworn, failed to testify to any material fact.   p. 384.

5. SAME.—*Plea of Guilty.—Costs.*—Defendant, on a plea of guilty, is taxable with costs of all witnesses, whether indorsed on the indictment or not, unless he shows that unnecessary witnesses were subpœnaed by the State, the presumption being that the prosecuting attorney acted in good faith and subpœnaed only those he thought necessary.   p. 385.

From Steuben Circuit Court; *Charles E. Emanuel,* Special Judge.

Prosecution by the State of Indiana against Robert Cameron. From a judgment of conviction, defendant appeals. *Affirmed.*

*Brown & Carlin* and *Woodhull & Yeagley,* for appellant.

*Charles W. Miller,* Attorney-General, *C. C. Hadley, L. G. Rothschild, W. C. Geake* and *Best & Yotter,* for the State.

ROBINSON, J.—Appellant was indicted for selling liquor without a license. On February 23, 1905, he was arraigned and entered a plea of not guilty, and the case was then set for trial on March 1, 1905. On that date he entered a plea of guilty and was fined $30 and adjudged to pay the costs. Afterward appellant filed a motion to retax certain witness fees as costs, on the ground that the names of none of such witnesses were indorsed on the indictment, that they were not sworn, that none of them swore to any material fact in aid of the prosecution, and that all of such fees were taxed for mileage and attendance of such witnesses on the trial of the case.

It is first claimed that the record does not show the filing of the bill of exceptions in the clerk's office. A record entry, after reciting the overruling of the motion to retax costs and an exception by appellant, and making mention of the bill of exceptions, states, "which bill of exceptions is now tendered to the court and by the court signed and filed with the clerk of this court, said bill of exceptions being in these words;" this is followed by a transcript of the bill of exceptions. This recital of the filing of the bill is not in the bill itself, but is a record entry, and sufficiently shows that the bill was filed with the clerk.

Section 1740 Burns 1901, §1671 R. S. 1881, requires the names of all material witnesses to be indorsed upon the

indictment, but other witnesses may afterward be
2. subpœnaed by the State; but, unless the names of
such witnesses be indorsed on the indictment at
the time it is presented, no continuance shall be granted
to the State on account of the absence of any witness whose
name is not thus indorsed. This section permits the use
by the State of witnesses whose names are not on the in-
dictment, and simply prevents the State from having a
continuance because of the absence of a witness whose name
is not on the indictment. §1851 Burns 1901, §1782 R.
S. 1881. See *Short* v. *State* (1878), 63 Ind. 376; *Siberry*
v. *State* (1893), 133 Ind. 677.

Section 8103 Burns 1901, §6027 R. S. 1881 provides:
"In all criminal cases where the person accused shall be
acquitted, no costs shall be taxed against such per-
3. son, nor against the State or county, for any
services rendered in such prosecutions by any
prosecuting attorney, clerk, sheriff, coroner, justice of the
peace, constable or witness; but in all cases of conviction,
such fees and costs shall be taxed and collected from the
person convicted." This provision is modified by the sub-
sequent enactment of §1907 Burns 1901, §1838 R. S. 1881,
which provides: "When the defendant is found guilty,
the court shall render judgment accordingly; and the de-
fendant shall be liable for all costs, unless the court or
jury trying the cause expressly find otherwise." Under
this section the court may relieve a defendant from the
payment of all costs, but it is not a matter of mere arbi-
trary discretion. "What particular facts," said the court
in *Welsh* v. *State* (1890), 126 Ind. 71, 9 L. R. A. 664,
"would authorize a court or jury, finding a defendant
guilty, to relieve him from the payment of costs, we need
not now inquire, but he should not be so relieved without
some reason for so doing" See *State* v. *Sevier* (1889),
117 Ind. 338.

Section 1927 Burns 1901, §1858 R. S. 1881, provides: "In case of the conviction of a defendant, no cost for mileage or attendance shall be taxed against such defendant in behalf of any witness who was summoned by the State to testify, but whose name was not indorsed upon the indictment nor upon the information, and who was not sworn in the cause, or who, if sworn, did not testify to any material fact in aid of the prosecution." It is also provided (§1866 Burns 1901, §1797 R. S. 1881) that witnesses in a criminal prosecution, if subpœnaed, may be compelled to attend and testify without their fees being first paid or tendered, and that the court may recognize witnesses to attend and testify.

Prior to the enactment of §1927, *supra,* the fees of all witnesses subpœnaed by the State, whether used or not, or whether they testified to anything material or not, were taxed as costs against the defendant upon conviction. 1 R. S. 1876, p. 479; *Schlicht* v. *State* (1877), 56 Ind. 173. And it would seem that the purpose of §1927, *supra,* was to relieve defendants from the payment of certain witness fees where there is a trial upon a plea of not guilty, as relief is given from costs of witnesses who are not sworn, or who, if sworn, do not testify to some material fact in aid of the prosecution. Unless there was a trial it could not be determined whether a witness had been subpœnaed by the State to testify to any material fact in aid of the prosecution. An issue of fact might arise during the progress of the trial that would require additional witnesses, or issues of fact contemplated when the witnesses were subpœnaed might not arise during the trial. Only in a contested case could it be determined whether the testimony of witnesses subpœnaed would be material or not.

In the absence of any showing to the contrary it must be presumed that the prosecuting attorney acted in good

faith, and that no more witnesses were subpœnaed than were necessary to sustain the State's case, and that only such witnesses were subpœnaed as would testify to material facts in aid of the prosecution. When appellant was arraigned and entered a plea of not guilty, and the case was set for trial, it was the duty of the prosecuting attorney to prepare for the trial. The plea of not guilty stood until after these witnesses were subpœnaed, and until the time they were required by the subpœnas to be in court. The plea was then changed, and the testimony of the witnesses was not needed. Had the plea of guilty been entered at the time of the arraignment, no witnesses would have been necessary. But appellant chose to stand upon his plea of not guilty until the State was required to prepare for trial and had the witnesses in court ready for trial. There is nothing to overcome the presumption that the preparation that was made for the trial was necessary and proper. The names of the witnesses here in question were not indorsed on the indictment, and if there had been a trial and they had not been sworn and testified to some material fact in aid of the prosecution, upon conviction their fees could not have been taxed as costs against appellant. But there is nothing in the record to rebut the presumption that the prosecuting attorney acted in good faith in having them subpœnaed, and that each was a competent and necessary witness. They were present in court and did not testify because of the act of appellant alone. In civil actions, if the attendance of witnesses is procured in good faith by one of the parties, he will not lose his right to recover the costs of such witnesses by the subsequent conduct of the other party in rendering their attendance unnecessary. *Ohio, etc., R. Co.* v. *Trapp* (1892), 4 Ind. App. 69; *Alexander* v. *Harrison* (1891), 2 Ind. App. 47; *Miller* v. *DeArmond* (1884), 93 Ind. 74; *Teeple* v. *Dickey* (1884), 94 Ind. 124. And see *Deweese* v. *Smiley* (1891), 1 Ind. App. 81.

While a rule in civil actions is not necessarily controlling in criminal actions, yet we fail to see any sufficient reason, upon the facts disclosed, for applying a different rule in this case from that applied in a civil action. It is quite true that a defendant should be granted relief where bad faith is shown, or where it is made to appear that witnesses were unnecessarily subpœnaed, but such a case is not presented by this record.

Judgment affirmed.