RUFFENBARGER v. STATE OF INDIANA.

[No. 23,895.   Filed June 10, 1921.]

1. INDICTMENT AND INFORMATION.— Indictment.— Certainty.— Use of Unnecessary Words.—Statutes.—An indictment for violation of §8356d Burns' Supp. 1918, Acts 1917 p. 5, §4, charging that defendant unlawfully kept intoxicating liquors with intent to sell, etc., to persons to the grand jurors unknown, "within this state," the use of the quoted words did not render the indictment defective for uncertainty in that the statement relating to the persons to whom defendant intended to sell left the legitimate inference that such persons were known and without the state; the words "within the state" being mere surplusage.   p. 617.

2. INDICTMENT AND INFORMATION.— Validity.— Surplusage.— Statutes.—Under §2063 Burns 1914, Acts 1905 p. 584, no indictment will be deemed invalid, set aside or quashed for any surplusage when there is sufficient matter alleged to indicate the crime and person charged.   p. 618.

3. INDICTMENT AND INFORMATION.—Failure to Indorse Names of Witnesses on Indictment.—Statutes.—The only effect of not indorsing the names of the witnesses for the state on the back of an indictment, as required by §1983 Burns 1914, Acts 1905 p. 584, §112, is to prevent the state from obtaining a continuance on account of the absence of such witnesses.   p. 618.

From Delaware Circuit Court; William A. Thompson, Judge.

Prosecution by the State of Indiana against Henry Ruffenbarger. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Thomas V. Miller* and *John T. Walterhause,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

TRAVIS, J.—This is a prosecution under an indictment for the violation of §4, Acts 1917 p. 15, §8356d Burns' Supp. 1918. The only assignment of error relied upon for reversal is the overruling of appellant's motion to quash the indictment.

There was a trial by jury and verdict of guilty, a fine imposed of $100, and imprisonment for thirty days in the county jail.

The indictment, omitting the formal parts, is as follows: "Henry Ruffenbarger * * * on or about the first day of May 1919, and continuously from thence until the time of this presentment, did then and there unlawfully keep intoxicating liquors, towit: whiskey, with intent then and there to sell, barter, exchange, give away, furnish and otherwise dispose of the same to persons to the grand jurors unknown, *within this state,* (Our italics), contrary to," etc.

The sole objection to the indictment is to the words italicized. Appellant claims that the words indicated in the indictment are so ambiguous that it renders

1. the indictment defective for uncertainty, in that the statement relating to such persons left the legitimate inference to be that the persons to whom appellant intended to sell were known and were without the state. To this objection it is sufficient to state that the words objected to are mere surplusage for the reason that the charge is clearly defined according to the statute, by the indictment, whether such words remain

in the indictment or not. It seems impossible that any person could possibly construe the indictment with the objectionable words therein to mean that the charge indicated that the whisky was kept for the purpose of selling it to persons who were residents of some state other than the State of Indiana.

The matter of surplusage of words or language in an indictment is governed by a rule of law made by the courts, which was later made a matter of statute by an act of the legislature. §2063, cl. 6, Burns 1914, Acts 1905 p. 584, §192, which provides among other things that no indictment shall be deemed invalid or set aside or quashed for any surplusage when there is sufficient matter alleged to indicate the crime and person charged.

The precise question involved here was quite clearly and fully discussed and decided in the case of *Boos* v. *State* (1914), 181 Ind. 562, 105 N. E. 117, and on the authority of that case the judgment in this case must be affirmed. *Myers* v. *State* (1885), 101 Ind. 379; *State* v. *White* (1891), 129 Ind. 153, 28 N. E. 425.

Appellant also complains, for the first time in this court, because the names of the witnesses for the state were not indorsed upon the indictment as provided by §1983 Burns 1914, Acts 1905 p. 584, §112. While this objection is not presented by appellant, the same is answered by calling attention to the statute itself wherein the statute reads: "No continuance shall be granted to the state on account of the absence of any witness who is not thus indorsed." And this court has held in reference to this point that the only effect of not indorsing the names of the witnesses on the indictment is to prevent the state from obtaining a continuance for such witnesses. *Short* v. *State* (1878), 63 Ind. 376.

Judgment affirmed.