## MARSH v. STATE OF INDIANA.

[No. 24,286. Filed February 16, 1926.]

1. INDICTMENT.—*Affidavit in language of statute sufficient where statute states what acts shall constitute violation thereof.*—Where a statute defines a crime and states what acts shall constitute a violation thereof, it is sufficient to charge the offense in the language of the statute. p. 253.

2. INTOXICATING LIQUORS.—*Affidavit charging unlawful transportation of liquor in language of statute is sufficient.*—A count of an affidavit charging unlawful transportation of intoxicating liquor in the language of the statute is sufficient. p. 253.

3. INTOXICATING LIQUORS.—*Affidavit charging defendant with keeping intoxicating liquor with intent to sell, etc., held sufficient.*—A count of an affidavit charging that the defendant unlawfully kept intoxicating liquor with intent to sell, barter, exchange, give away and otherwise dispose of same, *held* sufficient. p. 253.

4. CRIMINAL LAW.—*Verdict of guilty on count of affidavit or indictment not stating offense is contrary to law.*—A verdict finding the defendant guilty on a count of the affidavit or indictment which does not charge a criminal offense is contrary to law. p. 253.

5. INTOXICATING LIQUORS.—*Evidence held insufficient to sustain conviction for transporting intoxicating liquor or having possession with intent to sell.*—Evidence that defendant was riding in a car with another who was unlawfully transporting in-

toxicating liquor was insufficient to sustain conviction for unlawful transportation of intoxicating liquor or having possession with intent to sell, in the absence of any evidence that he had any interest in or control over the liquor.   p. 254.

From Vanderburgh Circuit Court; *Phillip C. Gould,* Judge.

Don Marsh was convicted of unlawful transportation and unlawful possession of intoxicating liquor with intent to sell, and he appeals.   *Reversed.*

*W. D. Hardy,* for appellant.

*U. S. Lesh,* Attorney-General and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The appellant was prosecuted by affidavit in three counts, the first charging the unlawful possession of intoxicating liquor, the second, the unlawful transportation of intoxicating liquor, and the third, the unlawful keeping of intoxicating liquor with intent to sell, barter, exchange, give away, furnish and otherwise dispose of the same.

The appellant moved to quash the first, second and third counts of the affidavit and each of them separately and severally.   This motion was overruled as to each count and exceptions taken.   The appellant entered a plea of not guilty as to each count and a trial by jury resulted in a verdict of guilty.   The jury brought in three separate verdicts.   The appellant was found guilty on each count and his punishment fixed at a fine of $500 and imprisonment for six months on each count.   The judgment rendered by the court on the three verdicts is as follows: "It is by the court therefore ordered and adjudged that the defendant for the offense by him so committed, do make his fine unto the State of Indiana in the penal sum of $500 and that he be confined in the Indiana State Farm for a period of

six months or stand committed until said fine and costs are paid or stayed."

The appellant appealed from this judgment and assigns as error that the court erred in overruling his separate and several motions to quash the first, second and third counts of the affidavit; that the court erred in overruling appellant's motion for a new trial.

The state confesses error of the court in overruling the motion to quash count one of the affidavit. Count two of the affidavit charges unlawful transportation.

Where a statute defines a crime and states what acts shall constitute a violation thereof, it is sufficient to charge the offense in the language of the statute. *Asher* v. *State* (1924), 194 Ind. 553; *Faulkner* v. *State* (1923), 193 Ind. 663. This count describes the offense in the language of the statute and it was not error to overrule the motion to quash that count.

1, 2.

The third count of the affidavit charges that the appellant did then and there unlawfully keep intoxicating liquor with the intent to sell, barter, exchange, give away and otherwise dispose of the same. This count is not open to the objections urged against it by the appellant. See *Crabbs* v. *State* (1923), 193 Ind. 248; *Schulmeyer* v. *State* (1919), 188 Ind. 463; *State* v. *Schipper* (1923), 193 Ind. 595. There was no error in overruling the motion to quash this count of the affidavit.

3.

The motion for a new trial specifies among others, the following causes: (1) That the verdict of the jury is contrary to law; (2) the verdict of the jury is not sustained by sufficient evidence. The first count of the affidavit not stating an offense, the verdict of the jury finding the defendant guilty on that count is contrary to law.

4.

It appears from the evidence that the sheriff of Van-

derburgh county and three deputies on the morning of August 21, 1922, met one Alderson and appellant Marsh in a Ford car. Alderson was driving and the officers testified that he was known to them; that they didn't know Marsh at that time. The officers were in a Ford car. When they passed, the sheriff testifies that he saw the tops of some jugs sticking up between the rear and the front seats of the car in which Alderson and Marsh were sitting. The sheriff and the deputies turned around and gave chase. The chase continued for five or six miles, but the sheriff and deputies could not keep up with them, could not keep them in sight, but could keep their dust in sight. When the chase had been continued for about six miles, Alderson and the appellant had gotten out of sight of the officers and had gone down a by-road toward the river through the woods and the officers coming up to where the road came into the main road met them coming out of the woods. The officers testified that back in the woods within a few feet of where they met Alderson and Marsh coming out, they found some jugs containing intoxicating liquor. They arrested the appellant and Alderson and took the car and put the jugs of liquor into it and drove back to the city of Evansville. There was no liquor in the car until the officers put this in it that they got out of the woods. The officers testified that when they arrested Marsh and Alderson, Alderson said that the liquor was his and the boy (meaning Marsh) didn't have anything to do with it. None of the officers knew the appellant or had ever seen him before, and there is nothing in the evidence to show that the appellant owned or had any interest in the liquor or any control over it, unless it be the fact that appellant was in the car with Alderson. Appellant accounted for his presence in the car by saying that Alderson told him that he had some

checks and was going to Morganfield, Kentucky, to collect them and asked the appellant to ride over there with him. That appellant was not acquainted with any of the roads and had no reason for going except that Alderson had asked him to go with him because he was going down there to collect some checks. There is no evidence in the record anywhere disputing the explanation of the appellant as to his presence in the car at that time. So if it be conceded that Alderson was engaged in transporting intoxicating liquor, there is no evidence connecting the appellant with such transaction except that he was riding in the car with Alderson. We think this single circumstance explained by undisputed evidence as it was, in the absence of any other incriminating evidence, is insufficient to sustain a verdict of guilty. *Howard* v. *State* (1923), 193 Ind. 599.

There is no evidence whatever to support the third count of the affidavit. There being no evidence to sustain either the second or the third count of the affidavit, the verdict on each of these counts was contrary to law.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.

Ewbank, C. J., concurs in result.