## Johnson (alias Patterson) *v.* State of Indiana.

[No. 24,661.   Filed February 17, 1927.]

1. Intoxicating Liquors.—*Affidavit charging transportation of intoxicating liquor in automobile held sufficient without alleging the other conditions stated in the statute.*—In an affidavit charging the transportation of intoxicating liquor in an automobile under Acts 1923 p. 108, it was not necessary to allege that such transportation was in the automobile of another without his consent, or that such automobile was mortgaged, or that it contained firearms, as such provisions did not add to the offense of transporting liquor or change the measure of punishment.   p. 75.

2. Indictment and Affidavit.—*Motion to quash raises no question as to a variance between the pleading charging the offense and the evidence.*—A motion to quash an indictment or affidavit does not present any question as to a variance between the pleading and the evidence, as such motion attacks the sufficiency of the pleading as stated on the face thereof and has nothing to do with the evidence.   p. 76.

3. Intoxicating Liquors.—*State's failure to produce owner of automobile in which liquor was transported justified inference that it would be unfavorable to prosecution.*—In a prosecution for transporting intoxicating liquor in an automobile, where the state had proved that the car belonged to another than the defendant, its failure to produce the owner and such evidence as would support the charge against the defendant would justify the inference that the evidence would have been unfavorable to the prosecution.   p. 76.

4. Intoxicating Liquors.—*Evidence that defendant was riding in car in which liquor was unlawfully transported not sufficient to convict.*—The mere fact that the defendant was riding in the automobile in which intoxicating liquor was unlawfully transported was not sufficient to sustain a conviction for unlawful transportation of intoxicating liquor.   p. 77.

5. Criminal Law.—The basis of inferences to support a presumption of fact is probability; such inferences may not rest upon conjectures.   p. 77.

6. Intoxicating Liquors.—Evidence *held* insufficient to support conviction for transporting intoxicating liquor.   p. 78.

From Marion Criminal Court (55,945); *James A. Collins,* Judge.

Evelyn Johnson (alias Thelma Patterson) was convicted of feloniously transporting intoxicating liquor in an automobile, and she appeals.   *Reversed.*

*Robert R. Dalton,* for appellant.

*U. S. Lesh*, Attorney-General, *Arnet B. Cronk* and *Carl Wilde*, for the State.

TRAVIS, J.—Appellant was charged by affidavit under §1, Acts 1923, ch. 34, p. 108, with transporting intoxicating liquor in an automobile within Marion county. She was tried by the court and convicted; and thereupon brought this appeal from the judgment upon the finding of guilty.

The sheriff of Marion county with two deputies, riding in an automobile, followed a large automobile into Indianapolis. The automobile which the officers followed continued to increase in speed as it continued toward the center of the city, and until it turned west on Sixteenth street, where it attained a speed of between forty and fifty miles per hour. When the sheriff and his deputies had caught up with the large automobile, it turned suddenly into an intersecting street, and in so doing turned three-quarters around and stopped. A man then jumped out of the pursued car, and ran between the buildings, after which the sheriff and his deputies went to the car and found defendant sitting in the front seat. Twenty-one five-gallon tin cans of sugar alcohol were found in the rear part of the car. The sheriff and his deputies saw the blankets which covered the cans fly off when the pursued car crossed the railroad tracks, just before it stopped. The sheriff testified, that when he and his deputies went to the pursued car, he had a talk with defendant, in which she said that she did not know the man who had jumped out and run between the buildings, and who drove the car; and that she did not know who owned the car, or that the alcohol was in the car. She had been on her way to Terre Haute, riding in a small automobile. About two towns northwest of Indianapolis, her journey was stopped because of injured tires; while waiting at the side of the highway, the

large car in which she was last a passenger, came along the highway. Upon inquiry by the driver concerning her predicament, and as the result thereof, she availed herself of the opportunity of returning to Indianapolis.

When re-examined, the sheriff testified that the pursued automobile was owned by Loretta Barnett, who is a sister to Lawrence Barnett, the latter of whom was seen by the sheriff, driving the same car, some time before (not disclosed when) in another part of Indianapolis. The defendant testified that she had known Lawrence Barnett, but that he was not the man who was driving the car which carried the alcohol; she had not driven the car, and did not know how to drive one.

Errors are assigned on the action of the trial court in overruling the motions: (1) To quash the affidavit which charged the offense; and (2) for a new trial.

It is proposed that the facts pleaded in the affidavit do not constitute a public offense, the point being that such transportation in an automobile would not be a felony unless the transportation was in an automobile, the property of another, and without such owner's consent; or unless there was in the automobile in which such intoxicating liquor was being transported, firearms; or unless the automobile used for such purpose were mortgaged. The gravamen of the law upon which this charge is laid is the transportation in any kind of vehicle. This, the instrument used to carry out the transportation, is the thing which makes the act a felony, as against transportation in another manner, which is a misdemeanor. Acts 1923, ch. 23, §1. The provisions of the law referred to by appellant do not add to the offense nor change the measure of punishment, *Volderauer* v. *State* (1924), 195 Ind. 415 (4), hence they need not be pleaded to state a cause of action.

Appellant's second proposition based upon the overruling of his motion to quash, is that there is a variation

between the offense as charged and the evidence.

2. The point is that the offense is charged to have been committed in Marion county, where the evidence is that of transporting intoxicating liquors from a point in Boone county, Indiana, to a point in Marion county. Appellant is mistaken in the presentation of this proposition under the error assigned. The error as laid must depend entirely upon the face of the affidavit. The trial court could not wait to rule upon the sufficiency of the pleading which charged the offense until the parties rested the case. A motion to quash is by no line of reasoning related to the evidence.

Appellant proposes that the finding of the court is contrary to law, under which the sufficiency of the evidence to sustain the finding of guilty is challenged. *Deal* v. *State* (1895), 140 Ind. 354, 359; *Chapman* v. *State* (1901), 157 Ind. 300, 302.

The evidence introduced by the state, uncontradicted, is, that defendant did not know that the alcohol was in the automobile; that she did not drive this automobile, and did not know how to drive one, but that a man, whom she did not know, had driven it; that she was a passenger merely upon invitation because of the predicament she was in, on account of the accident to the automobile in which she had previously been a passenger; that the automobile here involved did not belong to defendant, but did belong to a certain named person.

The evidence in this case does not support an inference that defendant either rented the automobile from the owner, or that the owner loaned it to her.

3. The state having proved by direct testimony that the automobile was owned by one other than the defendant, the *onus probandi* still rested on the prosecution to bring forward the owner, or give reasonable excuse for not doing so, and prove the status of the automobile while in the hands of another, out of the control

of such owner. It was in the mouth of appellee to give testimonial evidence, through the owner of the vehicle, to establish either that such owner put the vehicle in the control of defendant or that she, the owner, did not. The owner, though residing within the jurisdiction of the court, was not produced as a witness. It was the duty of the state to produce such owner as a witness. Under such a duty, it was incumbent upon the state to produce such owner as a witness, and to produce evidence that would naturally have been produced in an honest effort to support the proof of the crime charged. Its nonproduction permits and supports the inference that had such owner been produced as a witness, the tenor of the testimony would have been unfavorable to appellee. *Hiner* v. *State* (1925), 196 Ind. 594, 149 N. E. 168.

Conceding that the vehicle in which appellant was riding was being used in the unlawful transportation of intoxicating liquor, there is no evidence in the record tending to connect this appellant with such transportation except the bare fact that she was riding in the car. *Marsh* v. *State* (1926), 197 Ind. 251, 255, 150 N. E. 773. From the bare fact that the defendant was riding with the escaped driver of the vehicle, it does not follow as a uniform concomitant, that she owned the alcohol, or that she was instrumental in its transportation, and therefore such fact, necessary in the chain of evidence, may not safely be inferred. *Howard* v. *State* (1923), 193 Ind. 599, 141 N. E. 341. The basis of inferences to support a presumption of fact, is probability. *Liverpool, etc., Ins. Co.* v. *Southern Pacific Co.* (1899), 125 Cal. 434, 58 Pac. 55. Inferences may not rest upon conjectures. *United States* v. *Ross* (1875), 92 U. S. 281, 23 L. Ed. 702. It requires conjectures from the evidence in this case to a conclusion of guilt.

The ruling presented in the motion for a new trial,

relating to the competency of evidence, is unlikely to occur in another trial, and is therefore not discussed. The evidence is insufficient to support the finding. The judgment should be reversed and remanded, with directions to grant a new trial, and it is so ordered.