DENTON *v.* STATE OF INDIANA.

[No. 30,379. Filed January 14, 1965.]

*James M. Secrest* and *Palmer K. Ward,* both of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Edgar S. Husted,* Deputy Attorney General, for appellee.

LANDIS, J.—Appellant was convicted, after a jury trial, of the commission of a crime (robbery) while armed with a deadly weapon. He was sentenced to serve a term of ten years in the Indiana State Prison. This appeal followed the overruling of the motion for new trial.

Appellant has first contended the trial court erred, in permitting the introduction into evidence over appel-

lant's objection, of testimony to the effect that the Bob-Inn Tavern was located at 418 East *22nd Street*, Indianapolis, Indiana, whereas the prosecuting attorney's statement under the alibi statute[1] gave the address as 418 East *26th Street*, Indianapolis, Indiana.

As this contention of appellant involves the question of variance, it is necessary to inquire into its materiality, as it is well settled that a variance, in order to be fatal, must be of such a substantial nature as to mislead the accused in preparing and maintaining his defense or be of such a degree as is likely to place him in second jeopardy for the same offense. See: *Madison* v. *State* (1955), 234 Ind. 517, 542, 130 N. E. 2d 35, 46.

Here it appears the affidavit did not give any address for the said Bob-Inn Tavern other than to allege that the crime in question occurred in Marion County, Indiana. It is therefore evident that the only variance was as to the location of the Bob-Inn Tavern at "418 East 26th Street" in the prosecuting attorney's statement and "418 East 22nd Street" in the testimony offered by the State.

Applying the above test as to the materiality of the variance, no showing was made by appellant as to how or in what respect he was thereby misled in preparing or maintaining his defense or that he might be placed in double jeopardy as a result thereof. There is no evidence whatever that there was another tavern at the incorrect 26th Street address, nor

---

1. Burns' § 9-1632 (1956 Repl.), Acts 1935, ch. 228, § 2, p. 1198. "In the defendant's notice, as provided in the next preceding section, the defendant may also expressly require the prosecuting attorney to file and to serve upon the defendant or upon his counsel a specific statement in regard to the exact date which the prosecution proposes to present at the trial as the date when, and the exact place which the prosecution proposes to present at the trial as the place where, the defendant was alleged to have committed or to have participated in the offense. * * *"

is there any showing in what respect appellant was allegedly surprised by the variance between "418 East 22nd Street" and "418 East 26th Street". No affirmative showing being made as to the respect, if any, in which appellant was prejudiced by the variance in question, and in view of the minor nature thereof, it is our conclusion the same was purely typographical and clerical, and not sufficiently material to cause a reversal of the judgment.

Appellant has also contended the court erred in permitting the State to amend its answer to appellant's notice of alibi after the case had gone to trial. This question is waived, however, by failure of appellant to present it in his motion for new trial, as Rule 2-6 of this Court requires alleged errors occurring prior to the filing of such motion, to be raised in such motion where a motion for new trial is appropriate in such proceeding. Such procedure is provided to enable the trial court wherever possible to correct its own error without requiring an aggrieved appellant unnecessarily to resort to the trouble and expense of a needless appeal.

Appellant further contends the court erred in refusing to give appellant's tendered instruction No. 1 which was as follows:

"You are instructed that if a witness is listed on the indictment or affidavit as a witness for the State and said witness fails to appear and testify without any explanation or evidence as to the reason for his failure to appear, the law presumes that his testimony, if it had been given, would be favorable to the defendant."

Appellant argues this instruction should have been given as the State of Indiana had endorsed upon the affidavit filed in this case among the names of its witnesses the names of two persons who were not called as witnesses and whose absence was not explained.

The applicable sections of the statute[2] providing the names of all material witnesses must be indorsed on the indictment or affidavit, further provide other witnesses may thereafter be subpoenaed by the State and that unless the names are so endorsed, no continuance shall be granted to the State on account of the absence of any witness whose name is not thus endorsed.

Appellant would have us construe the statute to provide an additional penalty upon the State for failure to call a witness whose name is endorsed upon the indictment or affidavit. We believe this would amount to judicial legislation by this Court which is a function not properly indulged in by the judicial branch of the government. Art. 3, §1, Constitution of Indiana; Art. 1, §1, Constitution of the U. S.

Numerous authorities of this state have held the only effect of not endorsing the names on the indictment is to prevent the State from obtaining a continuance for such witnesses. *Stevens* v. *State* (1959), 240 Ind. 19, 27, 158 N. E. 2d 784, 788; *Ruffenbarber* v. *State* (1921), 190 Ind. 616, 618, 131 N. E. 514, 515; *Siberry* v. *State* (1893), 133 Ind. 677, 685, 33 N. E. 681, 683; *Short* v. *State* (1878), 63 Ind. 376, 383, *Cameron* v. *State* (1906), 37 Ind. App. 381, 383, 76 N. E. 1021, 1022. We see no reason why those decisions should be disturbed.

Appellant's last contention is that the failure of the State to call as a witness one Frank Lotz who signed the affidavit and whose name was endorsed as a witness thereon violates appellant's rights under Art. 1, §13, of the Constitution of Indiana which provides:

"In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offense shall

2. Burns' §§ 9-903, 9-909 (1956 Repl.), Acts 1905, ch. 169, § 112, p. 584, Acts 1905, ch. 169, § 119, p. 584.

have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor."

Appellant has cited in support of his position cases holding the above constitutional provision gives the accused in a criminal case a number of rights among which is a right to meet the witnesses face to face, including the right of cross-examination. We agree with the pronouncements contained in those decisions.

It cannot be questioned that the constitutional provision above cited accords to the accused not only the right of meeting witnesses face to face, but to have compulsory process for securing their attendance in his favor at the trial.

However, we know of no court decision holding it is the duty of the prosecuting attorney, engaged in the prosecution of a person charged with crime, to produce at the trial all the witnesses present at the commission of the crime. The State in fact cannot be compelled to call witnesses at the instance of the accused, but if the accused desires, in the conduct of his defense, the testimony of witnesses who are not called, he has the burden of seeing that they are called. See: *Keller* v. *State* (1890), 123 Ind. 110, 112, 23 N. E. 1138; *Winsett* v. *State* (1877), 57 Ind. 26, 30.

Had appellant desired for the purposes of his defense, the testimony of Frank Lotz or any other witness not called, he had the burden of seeing such witness was called by compulsory process or otherwise. Having failed to request the attendance of such witness, he has now no cause for complaint, and we have not been shown any respect in which Art. 1, §13, has been violated.

Judgment affirmed.

Arterburn, C. J., and Myers and Achor, JJ., concur.

Jackson, J., dissents with opinion.

### DISSENT

JACKSON, J.—I am unable to agree with the majority opinion herein and dissent thereto.

For the purpose of this dissent the discussion will be confined to the question raised by the court's refusal to give appellant's tendered instruction No. 1 reading as follows:

"You are instructed that if a witness is listed on the indictment or affidavit as a witness for the State and said witness fails to appear and testify without any explanation or evidence as to the reason for his failure to appear, the law presumes that his testimony, if it had been given, would be favorable to the defendant."

Factually the situation, as reflected by the record, shows that appellant was tried on an amended affidavit in three (3) counts which, omitting formal parts, reads as follows:

"BE IT REMEMBERED, That, on this day before me, PHILLIP L. BAYT Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came FRANK LOTZ who, being duly sworn, upon his oath says that JAMES EDWARD DENTON on or about the 1st day of April, A.D. 1961, at and in the County of Marion in the State of Indiana, being over the age of SIXTEEN (16) YEARS, did then and there forcibly by violence and by putting ROBERT HIGHFILL IN fear, take from the person and possession of the said ROBERT HIGHFILL, United States Currency of the value of TWO HUNDRED TWENTY FIVE DOLLARS ($225.00) in lawful money, which the said ROBERT HIGHFILL, then and there lawfully held in his possession and control, the said United States Currency, then and therebeing the property of ROBERT HIGHFILL, d/b/a BOB-

INN TAVERN, while the said JAMES EDWARD DENTON, was then and there armed with a deadly weapon, to-wit: a .30 CALIBER LUGER, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana.

"COUNT TWO:

"The affiant aforesaid, upon his oath aforesaid, further says that on or about the 1st day of April, 1961, in the County of Marion, State of Indiana, JAMES EDWARD DENTON, did then and there unlawfully, feloniously, purposely and with premeditated malice, attempt to commit a violent injury to the person of JAMES VOSS, the said JAMES EDWARD DENTON, then and there having the present ability to commit such violent injury, did then and there feloniously, purposely and with premeditated malice attempt to shoot the said JAMES VOSS, with a certain REVOLVER, which he, the said JAMES EDWARD DENTON, then and there had and held in his hands with intent then and there and thereby him, the said JAMES EDWARD DENTON, to feloniously, purposely and with premeditated malice kill and murder, the said JAMES VOSS, then and there being contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Indiana.

"COUNT THREE:

"The affiant aforesaid, upon his oath aforesaid, further says that on or about the 1st day of April, 1961, in the County of Marion, State of Indiana, JAMES EDWARD DENTON, did then and there unlawfully, feloniously, forcibly by violence and putting ROBERT HIGHFILL, in fear, take from the person and possession of the said ROBERT HIGHFILL, Unites States Currency, then and there of the value of TWO HUNDRED TWENTY FIVE DOLLARS, ($225.00) in lawful money, which property the said ROBERT HIGHFILL, then and there lawfully held in his possession and control, and was then and there the property of ROBERT HIGHFILL, d/b/a BOB-INN TAVERN, then and there being . . . contrary to the form of the statute in such case made and

provided, and against the peace and dignity of the State of Indiana."

Appellant entered a plea of not guilty, trial was had by jury, which returned a verdict finding appellant guilty of count 1 of the amended affidavit, to-wit: commission of a crime (robbery) while armed with a deadly weapon and that the appellant be imprisoned for a period of ten years.

Thereafter, on December 27, 1962, appellant was sentenced in conformity with the verdict of the jury. On that date appellant filed his motion for a new trial, such motion, omitting formal parts thereof, reads in pertinent part as follows:

1. The verdict of the jury is not sustained by sufficient evidence.

2. The verdict of the jury is contrary to law.

3. Error of law (omitted from this dissent as not necessary on the question discussed herein).

4. Error of law (omitted as being unnecessary for discussion here).

5. Error of law occurring at the trial, in this, that the court erred in refusing to give the defendant's tendered instruction No. 1, the subject thereof not being properly given by other instructions.

6. Error of law (omitted as being unnecessary for discussion here).

The motion for a new trial was overruled by the Court on December 27, 1962.

Thereafter, appellant filed his Assignment of Errors containing seven specifications, of which for the purpose of this dissent, we need consider only those numbered 3, 5, 6 and 7, which, omitting formal parts read as follows:

" . . .
"3. The trial Court erred in failing to give Defendant's tendered Instruction No. 1.
"4. . . .
"5. The Court erred in overruling the appellant's Motion For A New Trial.
"6. The verdict of the jury is not sustained by sufficient evidence.
"7. The verdict of the jury is contrary to law."

Appellant's assignment of error No. 3 raises serious questions as to the violation of appellant's constitutional right of confrontation as guaranteed by Article 1, section 13 of the Constitution of the State of Indiana. In my opinion, the questions raised by appellant's contention may not be dismissed as lightly as is done in the majority opinion. It is not a question of having us "construe the statute to provide an additional penalty upon the State for failure to call a witness whose name is endorsed upon the indictment or affidavit." In our system of jurisprudence the burden of proving guilt rests solely upon the State. It is a duty, not a penalty, to require the Prosecuting Attorney to bring forth those witnesses who are material to the State's case. *Johnson* v. *State* (1927), 199 Ind. 73, 155 N. E. 196; *Hiner* v. *State* (1925), 196 Ind. 594, 149 N. E. 168.

The cases cited in the majority opinion (*Stevens* v. *State, etc.*) as supporting such opinion do not lend support to the case *at bar*. The latitude allowed in calling or not calling material witnesses whose names are endorsed on the back of an indictment or affidavit should not, and in my opinion, does not apply to a prosecuting witness whose affidavit set the prosecution of the case in motion and who by his act in so doing swears to the violation complained of. The prosecuting witness is more than a mere witness, it is he who invokes the majesty of the law, the weight of the State's legal machinery, he places in motion the vast resources of

the sovereign power. By the simple expedient of signing the affidavit charging the defendant with the commission of a crime, he deprives the defendant of his liberty, damages his reputation and requires him to stand before the bar of justice in order that a determination of his guilt or innocence may be made by his peers. To say that the person who wields the power to so affect the liberty, fortunes and future of the defendant is only a witness who, at the whim of the prosecuting attorney, may or may not be called to the stand to be confronted and cross-examined by the defendant is repugnant to all legal principles.

I freely admit there is no duty devolving on the State to, in every case, call all witnesses indorsed on an affidavit, and certainly the State has no obligation in every instance to produce all the witnesses present at the commission of a crime. On the other hand all authorities recognize that the absence, where no showing of diligence to produce a witness whose name is endorsed on an affidavit or indictment is made, of such witness raises the inference that the testimony of such witness, if present, would be unfavorable to the State. 53 Am. Jur. 531, Trial, §§693, 695; 8 I. L. E., Criminal Law, §122, p. 222; Lester B. Orfield, The Hearsay Rule in Federal Criminal Cases, Part 1, 42 Fordham L. Rev. 499, 521 (1964), (and authorities cited therein.).

In the case at bar, neither the prosecuting witness "Frank Lotz" nor "Patrolman Garvey" was called to the stand by the State, nor was their absence explained to the Court or the jury. In the case of the prosecuting witness Frank Lotz, the least that could be required of the State was:

A. His appearance and testimony to support his affidavit in order that he could be confronted and cross-examined by appellant.

B. The appearance and testimony of "Patrolman

Garvey" in order that he could be confronted and cross-examined by the appellant. The "Patrolman" being an officer should either have testified, or in the alternative, some explanation of his failure to appear and testify should have been given the court and jury.

Failing to comply with A and B it then became the duty of the court to give appellant's tendered instruction No. 1, as under the circumstances delineated in the case at bar, the failure of the prosecuting witness and the officer to appear and testify without any explanation of the State's failure to produce these witnesses gave rise to the inference that their evidence, if adduced, would be unfavorable to the State.

In the case at bar appellant did not sit idly by and waive his rights. On the contrary by proper and timely procedure he preserved his constitutional rights.

Failure to give appellant's tendered instruction constituted reversible error and requires the reversal of the judgment of conviction herein, remand to the trial court and the granting of appellant's motion for a new trial.

NOTE.—Reported in 203 N. E. 2d 539.