MCDOUGALL v. STATE OF INDIANA.

[No. 1069S245. Filed April 27, 1970. No rehearing filed.]

*Don R. Money*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General and *David S. Wedding*, Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was tried and convicted for the crime of robbery and sentenced to the Indiana State Prison for not less than ten (10) nor more than twenty-five (25) years.

The evidence shows that in the early morning hours of November 15, 1968 the appellant and another man stopped at a service station and told the attendant their car had run out of gasoline and asked that he fill a gas can for them. When the attendant requested payment for the gasoline the appellant said "You give me your money." The appellant held his hand in his pocket as though he had a gun and jabbed the attendant in the back to hurry him up. Appellant's companion then removed the money from the cash box. The attendant was told to get his car or appellant would "blow his head off." Appellant then put a pistol to the back of the attendant's head. The attendant was forced to drive the two men for several blocks before they let him out. Appellant and his companion were later arrested by a police officer pursuant to a broadcast of the information and description given by the attendant.

The arresting officer found two handguns and a roll of pennies in the car which appellant was driving. A search of

appellant uncovered four twenty dollar bills, one five dollar bill, one ten dollar bill and twenty-six one dollar bills. When the appellant and his companion were later removed from the police car subsequent to their arrest, a roll of quarters and several bullets were found on the seat. The officer testified these items were not in the police car before appellant and his companion were placed therein.

We feel compelled to first comment on the brief filed by the appellant before proceeding to the merits. Rule AP. 8.3 (A) sets out very clearly what the brief of the appellant is to contain and the order in which the required information is to be presented. Under Rule AP. 8.3 (A) (4) appellant's brief fails to include a verbatim statement of the judgment under the appropriate heading. As will appear later we have reasons to examine the sentence herein. Rule AP. 8.3 (A) (6) requires a "summary of argument." Appellant's summary is in effect the only argument in the brief. It has been entitled "Brief Argument Without Authorities." It is followed by a section entitled "Authorities Relied Upon" which consists merely of seven pages of quotations from three cases, without the slightest attempt to relate these cases to the issues presented. In short, the brief is lacking a cogent argument as required by Rule AP. 8.3 (A) (7). Any tendency toward liberality in construing the rules of practice and procedure should not be treated as a license to ignore plain and concise rules of practice.

It is first stated in the summary of the argument that there is insufficient evidence to establish appellant's identity. In support of this proposition emphasis is placed upon an alleged conflict in the evidence as to the color of the jacket appellant was wearing. The attendant testified that appellant was wearing a brown jacket, whereas the appellant introduced evidence that he was wearing a gray jacket. The record is clear that when appellant was arrested he was driving the automobile and was at that time sitting on a brown jacket. A pistol was found in the pocket of the jacket. We feel

that further discussion of this issue is rendered superfluous for two reasons. First, the attendant, who was face to face with the robbers, made a positive in-court identification of appellant as one of the robbers. Second, the appellant himself admitted during direct examination that he was in fact present during the robbery although he denied participation therein. He testified in part as follows:

"Q. You said, you would? Where'd you go, then?

"A. First we stopped at the Wake-up Oil Company, on Carson Avenue and Troy, and got two dollars worth of gas. Then, we went on up Troy to Keystone and south on Keystone. We went down and turned around there, and came back to the Imperial Oil Company, or the Golden Imperial, I should say.

"Q. Was that man, there, working there that night?

"A. Yes, this —.

"Q. Did Brock tell you, that that man was a friend of his?

"A. Yes, he did.

"Q. What else did you and Brock talk about, when you pulled into that station?

"A. What else did we talk about? Priot [sic] to this, was the work of working on a car, but, after that, he came to spoken of an inside job, of pickin' up some easy cash money.

"A. Said, he was going to go in, and get some money from this guy?

"A. Yes, he did.

"Q. *Did you get out of the car?*

"A. *Yes, I did.*

"Q. *And, did you go in with him?*

"A. *Yes, I did.*

"Q. Did you hear any conversation between Larry Worth and Charles Brock?

"A. No. They didn't speak out in the open, at that time, no.

"Q. Did you have any conversation with Brock or Worth, at that time?

"A. No, there was no conversation with Brock, at the time.

"Q. Did you ever hold a gun to that man's head?

"A. No, I did not hold a gun at this boy's head.

"Q. *Did you force him to get in his car?*
"A. *No, I did not force him to get in the car.*
"Q. *Did you get in that car, with him?*
"A. *Yes, I did get in that car.*
"Q. And, how about Brock?
"A. Yes, he did.
"Q. And, what happened to the car that you and Brock had come in?
"A. This car was left on Keystone, south of the underpass.
"Q. And, you drove down that way?
"A. Yes, I did.
"Q. Did you drive Worth's car afterwards?
"A. Yes, I did." (Emphasis Added)

It is next said that the State failed to produce as witnesses three police officers whose names appeared on the face of the charging affidavit. In support of this proposition the *dissenting* opinion in *Denton* v. *State* (1965), 246 Ind. 155, 203 N. E. 2d 539 is cited. The *majority* opinion in *Denton, supra,* is controlling. In that case this court stated:

"Appellant further contends the court erred in refusing to give appellant's tendered instruction No. 1 which was as follows:

'You are instructed that if a witness is listed on the indictment or affidavit as a witness for the State and said witness fails to appear and testify without any explanation or evidence as to the reason for his failure to appear, the law presumes that his testimony, if it had been given, would be favorable to the defendant.'

"Appellant argues that instruction should have been given as the State of Indiana had endorsed upon the affidavit filed in the case among the names of its witnesses the names of two persons who were not called as witnesses and whose absence was not explained.

"The applicable sections of the statute providing the names of all material witnesses must be indorsed on the indictment or affidavit, further provide other witnesses may thereafter be subpoenaed by the State and that unless the names are so endorsed, no continuance shall be granted to

the State on account of the absence of any witness whose name is not thus endorsed.

"Appellant would have us construe the statute to provide an additional penalty upon the State for failure to call a witness whose name is endorsed upon the indictment or affidavit. We believe this would amount to judicial legislation by this Court which is a function not properly indulged in by the judicial branch of the government. Art. 3, § 1, Constitution of Indiana; Art. 1, § 1, Constitution of the U. S.

"Numerous authorities of this state have held the only effect of not endorsing the names on the indictment is to prevent the State from obtaining a continuance for such witnesses. *Stevens* v. *State* (1959), 240 Ind. 19, 27, 158 N. E. 2d 784, 788; *Ruffenbarber* v. *State* (1921), 190 Ind. 616, 618, 131 N. E. 514, 515; *Siberry* v. *State* (1893), 133 Ind. 677, 685, 33 N. E. 681, 683; *Short* v. *State* (1878), 63 Ind. 376, 383, *Cameron* v. *State* (1906), 37 Ind. App. 381, 383, 76 N. E. 1021, 1022. We see no reason why those decisions should be disturbed."

We find no error in this regard. Appellant made no attempt at trial to see that these persons were called.

It is next stated that the State failed to introduce various items in evidence to the prejudice of the appellant. These items were two handguns, two jackets, a pair of glasses and some currency. It is stated that these items should have been introduced "to overcome the presumption of innocence and doctrine of reasonable doubt . . ." Appellant is merely setting up "straw men" and then knocking them down. No authority is cited which holds the prosecution must introduce in evidence every physical item it possesses relating to the case. All that is required is that the State prove guilt beyond a reasonable doubt. The means used to satisfy this burden is for the prosecution to determine. In the instant case the evidence is conclusive that appellant was at the scene of the robbery. His activities at the scene were fully related by the attendant. The judgment is amply supported by substantial evidence of probative value.

Appellant next states he was charged with robbery, while the evidence showed the crime of armed robbery; that robbery

calls for an indeterminate sentence, whereas armed robbery calls for a determinate sentence. This is the extent of appellant's argument on this issue. No authority is cited. We find *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N. E. 2d 815 and *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N. E. 2d 498 controlling. In *Dembowski, supra,* we held that the legislature may not provide a punishment for a lesser included offense (robbery) which is greater in years on the face of the statute than the greater offense (armed robbery). We noted that robbery, pursuant to Burns' Ind. Stat. Anno. § 10-4101, carries a sentence five (5) years greater than the maximum sentence permitted for armed robbery pursuant to Burns' Ind. Stat. Anno. § 10-4709. However, we did not modify the well-established rule that it is within the sound discretion of the prosecutor whether to charge a defendant with a lesser included offense where the facts show the commission of a greater offense. The sole issue before us in this regard is then the constitutionality of the sentence imposed upon the appellant.

In *Dembowski, supra,* we concluded that the defendant could not, however, assert an unconstitutional restraint until he had served a period greater than the maximum number of years of the greater offense. We have since had occasion to reconsider this conclusion. In *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N. E. 2d 498 the defendant was charged with second degree burglary, which carries a sentence of not less than two (2) nor more than five (5) years, but convicted of the lesser included offense of entering to commit a felony which carries a sentence of not less than one (1) nor more than ten (10) years. We held the reasoning of *Dembowski, supra* applied and stated:

"Fourth: We hold that because the appellant was originally charged with second degree burglary, the maximum time for which is five years, it is an unconstitutional application of the included offense statute to sentence the appellant to a maximum period of ten years. We, therefore, hold the law in this state to be that a defendant

may be tried on a charge and may be convicted of any lesser included offense as above defined. However, if, as in the case at bar, the lesser included offense carries a greater maximum sentence than the greater offense originally charged, the trial court has jurisdiction to sentence for a period not exceeding the maximum covered under the original charge. The court shall, however, in such instance give the defendant all benefit of any lesser minimum time as provided by the lesser included offense. For example, in the instant case the minimum time in prison for second degree burglary is two years whereas the minimum time for entering to commit a felony is one year. Appellant should receive the benefit of the one year minimum.

"Fifth: We have now reevaluated the closing statement of this court in *Dembowski* and believe the appellant is entitled to immediate modification of his sentence.

"This case, is, therefore, remanded to the trial court with instructions to enter a corrected judgment and commitment *nunc pro tunc* sentencing the defendant to the Indiana State Prison for not less than one nor more than five years."

In accordance with the above authorities, this cause is remanded to the trial court with instructions to enter a corrected judgment and commitment *nunc pro tunc* sentencing the appellant to the Indiana State Prison for not less than ten (10) nor more than twenty (20) years.

Hunter, C.J., Givan and DeBruler, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 257 N. E. 2d 674.