## BOWLES *v.* STATE OF INDIANA.

[No. 1269S295. Filed November 13, 1970.]

*Raymond J. Ackerman,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, for appellee.

PER CURIAM—Defendant-appellant was convicted of the charge of unlawful possession of narcotic drugs and has appealed therefrom, the transcript having been filed on March 9, 1970. On April 7, 1970, defendant-appellant's petition for extension of time to file brief was granted to and including June 9, 1970.

On June 10, 1970 at 11:30 P.M., appellant's brief was filed with the Security Guard at the State House, and a receipt was given by J. Morrison, Security Guard, for the transcript, Appellant's Brief and an acknowledgment of Service, prepared

for execution by the Attorney General but not executed. Moreover, said brief has never been served upon the Attorney General.

The State has filed its "Motion to Affirm the Judgment of the Lower Court or, in the Alternative, to Dismiss." Said motion alleges the above facts and cites *McDougall* v. *State* (1970), 254 Ind. 62, 257 N. E. 2d 674. However, that case is not authority for the State's motion, but is critical of Appellant's Brief for failure to comply with Rule AP. 8.3 (A) which concerns the requirement of an appellant's brief. This Court stated therein:

> "Any tendency toward liberality in construing the rules of practice and procedure should not be treated as a license to ignore plain and concise rules of practice."

Nevertheless, that case was decided upon the merits, notwithstanding deficiencies in said brief, and is authority for this Court, in a criminal appeal, to exercise its discretion in not exacting the same degree of compliance as in a civil appeal.

The facts alleged in the Attorney General's motion are absolutely correct and we therefore grant the motion to dismiss.

However, we are mindful that the errors here are those of the attorney for the defendant-appellant. Clearly, the Appellant's Brief was a day late and the Security Guard is not an agent for the Attorney General just because he is an agent of the Clerk of the Supreme and Appellate Court. Therefore, we will recognize this as a belated appeal under Rule P. C. 2 (B), and the defendant-appellant is hereby ordered to serve a copy of his brief upon the Attorney General, who shall thereafter have thirty (30) days within which to file his Answer Brief.

NOTE.—Reported in 263 N. E. 2d 539.